WHITAKER et al. v. COUDON et al.

(District Court, D. Maryland. October 13, 1914.)

No. 60.

1. REMOVAL OF CAUSES (§ 29*)—RIGHT TO REMOVE—RESIDENT DEFENDANTS.

Where a suit, by citizens of New York, South Carolina, Delaware, and West Virginia, was instituted in the state courts of Maryland against residents of Maryland, West Virginia, and Washington, there being residents of Maryland among the defendants, who had no right of removal on the ground of diverse citizenship, the suit was not removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 69, 72, 74; Dec. Dig. § 29.*]

2. REMOVAL OF CAUSES (§ 48*)—RIGHT TO REMOVE—CITIZENSHIP.

Where a resident of the state in which the action was brought is made a defendant, he cannot remove the cause to the federal court because of diversity of citizenship, regardless of the fact that the suit may involve a separable controversy between plaintiffs and another defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 93, 94; Dec. Dig. § 48.*]

In Equity. Bill by Martha E. Whitaker and others against Joseph Coudon and others. On motion to remand. Granted.

John S. Strahorn, of Annapolis, Md., and H. A. Brann, Jr., of New York City, for plaintiffs.

George R. E. Gilchrist and John A. Howard, both of Wheeling, W. Va., for defendants.

ROSE, District Judge. This suit was instituted in the circuit court for Cecil county in this state. On petition of defendants it was removed to this court. The plaintiffs ask that it be remanded. No fed-

eral question is involved. The jurisdiction of this forum is invoked on the ground of diverse citizenship.

[1] The plaintiffs, as the bill arranges them, are citizens of New York, South Carolina, Delaware, and West Virginia; the defendants of Maryland, West Virginia, and Washington. This district is not that of the residence of either all the plaintiffs or all the defendants. Upon the assumption that the alignment of the parties in the bill is in accordance with their substantial interests as seen by themselves, this court could not entertain the suit as against the objection of any one of them. The defendants contend, however, that the case made is one within the provisions of section 57 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1102 [U. S. Comp. St. Supp. 1911, p. 152]), to which the statutory restrictions upon venue are not applicable. Plaintiffs dispute this contention. It will be unnecessary to pass upon it. There are Marylanders among the defendants. They have no right to remove on the ground of diverse citizenship a case against them from the courts of their state to one of the nation. There are citizens of West Virginia on each side of the record. If they should properly be where the bill puts them, the controversy to which they are parties is not one between citizens of different states. Defendants answer that, when the court arranges the parties according to their real rights and interests, it will appear that none of the objections to the jurisdiction stated are applicable.

What is the case made by the bill? Almost a quarter of a century ago one George P. Whitaker, a wealthy resident of Cecil county, died leaving a will which was there admitted to probate. He left the bulk of his estate to be equally divided among his five children and their descendants per stirpes. At his death he owned all the stock of the George P. Whitaker Company, a Maryland corporation, and one-fifth of that of the Whitaker Iron Company, which had received its charter from West Virginia. Four of his children held among them the other four-fifths. He named three executors, one of whom shortly resigned. The other two continued the administration of the estate. One of them, Nelson E. Whitaker by name, was a son of the testator; the other, the defendant Joseph Coudon. The former died some five years ago, leaving Coudon the sole surviving executor trustee. It so happened that the testator charged certain annuities for the support of his widow upon the estate. She is still living, and a complete division of the property has never been made.

The bill is very long, but the nature of the issues raised by it can be briefly stated. It charges that the two executor trustees made up their minds to filch from the descendants of a deceased child of the testator a large part of the latter's share of his estate. For that purpose they brought about the sale by the George P. Whitaker Company to the Whitaker Iron Company of the very valuable property of the former for a small fraction of its real worth. Those whom they were seeking to defraud were beneficially entitled to one-fifth of the stock of the George P. Whitaker Company and to only one twenty-fifth of that of the Whitaker Iron Company. Those in whose interests the executors trustees are alleged to have been acting were the substantial

owners of twenty-four twenty-fifths of the Whitaker Iron Company and of only four-fifths of the George P. Whitaker Company. The plaintiffs in great detail tell how this scheme was carried through. Among the means employed was the procurement by fraud and concealment of various orders and decrees from the circuit court of Cecil county sitting as a court of equity. In the conception and execution of this fraudulent scheme it is charged that Nelson E. Whitaker was the master mind and the controlling will, but that the defendant Joseph Coudon knowingly and willingly contributed his active assistance to it and personally has largely profited by it. He is made a defendant as an individual as well as in his representative capacity. The bill prays that the conveyance of the property to the Whitaker Iron Company shall be set aside.

[2] The state court was asked to order the removal upon the ground that there was a separable controversy to which the real plaintiffs were citizens of New York, South Carolina, and Delaware, while the defendants were the surviving executor trustee, a citizen of Maryland, and various citizens and corporations of West Virginia. The plaintiffs deny that their bill discloses any separable controversy. Even if there were, and the parties to it were as the defendants claim them to be in their petition for removal, the case would in my judgment be irremovable. One of the defendants in the alleged separable controversy is a Maryland citizen. The majority of the Circuit Court of Appeals for the Eighth Circuit in Thurber v. Miller, 67 Fed. 371, 14 C. C. A. 432, held that such circumstance was fatal to the right to remove.

As I understand Wrightsville Hardware Co. v. Hardware & Woodenware Mfg. Co. (C. C.) 180 Fed. 586, Judge Lacombe assumed that proposition to be unquestionable. It is true that the words "being nonresidents of that state" are found in the second sentence of section 28 of the Judicial Code, providing for removals on the ground of diversity of citizenship when no separable controversy is necessarily involved, and that the fourth sentence, authorizing removal on the ground of prejudice or local influence, limits the right to a defendant "being such citizen of another state," and that no such restriction is expressed in the third sentence, which has relation to separable controversies.

District Judge Shiras in Stanbrough v. Cook, 38 Fed. 369, 3 L. R. A. 400, decided that where there is a separable controversy the right of removal may be exercised by a defendant who is a citizen of the state in whose courts the suit was brought, and Mr. Hughes, in the last edition of his excellent work on Federal Procedure, at page 337, says that in his judgment, when the controversy is a separable one, the defendant, whether resident or not, has the right to remove.

It is perfectly clear that a resident of a state in whose courts he is sued, if made a sole defendant, cannot remove. I cannot conceive that Congress could have intended to allow him to do so merely because it so happened that some one else, who could not remove or who did not want to, was made a codefendant with him.

At the argument of the motion to remand, the defendants sought to sustain their right to remove on another ground, which not only

was not mentioned in the removal petition, but was more or less directly in conflict with some of the allegations there made. At the bar of this court the theory was developed that in contemplation of law the executor trustee was not a defendant at all, but was in fact the plaintiff, and the only indispensable one, because the legal title to the undistributed portion of the testator's estate was still in him, and that the Whitaker Iron Company was the only defendant whose presence before the court was imperative; it being said that the other defendants had profited, if at all, by the alleged frauds only through the enhanced value of their stock in that company. Upon that assumption the controversy was one in which a citizen of Maryland sought relief from a West Virginia corporation, and the latter had a clear right to remove. It is one of the humors of the case that this contention was made on behalf of what was said to be the real defendant by the same counsel who also appeared for the individual whom they say the law must hold to be the sole plaintiff. The fact that the executor trustee and the Whitaker Iron Company are fighting each other would appear to be quite a recent discovery both to them and to their legal representatives.

The contention, in substance, is that the executor trustee is charging himself with fraud and asking on that ground that conveyances he has made to the Whitaker Iron Company be set aside. To state such a contention is to answer it. No citation of authority is required. More plausible theories have frequently been held unsound. East Tennessee R. R. v. Grayson, 119 U. S. 240, 7 Sup. Ct. 190, 30 L. Ed. 382; Railroad Co. v. Mills, 113 U. S. 249, 5 Sup. Ct. 456, 28 L. Ed. 949; MacGinniss v. Boston, etc., Mining Co., 119 Fed. 96, 55 C. C. A. 648.

As the case stands, it will not be worth while to inquire whether plaintiffs are right in asserting that, even if there were diverse citizenship, the case would not be removable because it is in its nature ancillary or supplemental to a proceeding long pending in the state court and over which the latter had acquired exclusive jurisdiction.

The motion to remand must be granted, at the cost of those defendants who united in the petition to remove.