## EARLES v. A. W. DRAKE MFG. CO. et al. *

(Circuit Court of Appeals, Third Circuit. May 12, 1924. Rehearing Denied July 10, 1924.)

No. 3089.

1. Patents ⬅62—Evidence held to sustain finding of priority in favor of senior party.

Evidence *held* to sustain finding of priority in favor of senior party's patent, reissued to Gomber, No. 15,154, for a fly swatter.

2. Patents ⬅62—Prior invention must be established beyond reasonable doubt.

A prior invention, to serve as an anticipation, must be established beyond a reasonable doubt.

3. Patents ⬅112(4)—Decision of Patent Office accepted, unless contrary established by testimony carrying thorough conviction.

Decision by Patent Office must be accepted as controlling on question of priority of invention, in a subsequent suit between same parties, unless contrary is established by testimony which in character and amount carries thorough conviction.

Appeal from the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Suit by Fred E. Earles and others against the A. W. Drake Manufacturing Company and George W. Gomber. Decree for defendants (289 Fed. 137), and plaintiffs appeal. Affirmed.

Joshua R. H. Potts, of Chicago, Ill. (Brayton G. Richards and George B. Parkinson, both of Chicago, Ill., of counsel), for appellants.

E. G. Siggers, of Washington, D. C. (W. L. Houck, of Scranton, Pa., of counsel), for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and GIBSON, District Judge.

WOOLLEY, Circuit Judge. [1] This case concerns priority of invention of a device for which contesting patents have identical claims. The plaintiffs charge the defendants with infringing claims 1 and 3 of Letters Patent No. 1,261,222 for a fly-killing device (a fly swatter) issued to Earles and Lowe and pray that the defendants' patent reissue No. 15,154 for the same kind of device, granted Gomber, be declared void under section 4918 of the Revised Statutes (Comp. St. § 9463). To show the grounds of our decision it will be necessary to give a brief history of the prosecution of the patents in the Patent Office and the litigation which followed.

Gomber, the senior party, filed his application March 4, 1915. Earles and Lowe filed theirs May 29, 1915. The two applications were thus pending concurrently. Letters Patent No 1,161,654 were issued to Gomber on November 23, 1915. Earles and Lowe prosecuted their application with diligence until July 7, 1916, when the Patent Office cited the Gomber patent as an interference in bar of their application. On November 4, 1916, Earles and Lowe filed an affidavit for the purpose of antedating the Gomber patent, under Rule 75 of the Patent Office. The Law Examiner of the Patent Office disapproved the

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 266 U. S. —, 45 Sup. Ct. 96, 69 L. Ed. —.

affidavit. Waiting nine months, they filed a supplemental affidavit. Finding this one satisfactory, the Patent Office allowed their application. Earles and Lowe then withheld payment of the final government fee until April 2, 1918, when the Letters Patent in issue were granted. This was more than two years after the grant of the Gomber patent. During the prosecution of the Earles and Lowe application through the Patent Office, Gomber was of course ignorant of the claims applied for because of Rule 15 of the Patent Office which provides that: "Pending applications are preserved in secrecy." At this period, the war being on, publication of the Official Gazette was in arrears, and it was not until June, 1918, that Gomber was advised of the issuance of the Earles and Lowe patent containing claim 3. On discovering that this claim dominated his patent (the first to be applied for and granted), he made application, on August 6, 1918, for a reissue, introducing two claims, one—claim 9—being identical with claim 3 of the Earles and Lowe patent. This claim reads as follows:

"A fly-killing device comprising a handle; and a flap on said handle formed of a perforated sheet of soft flexible non-abrasive material, substantially as described."

(As claim 1 of the Earles and Lowe patent is in substance the same as claim 3, we shall lay it aside and limit our discussion to the latter claim.)

Thus arose a situation covered by Section 4918, R. S., and, accordingly, the Patent Office, on August 28, 1918, declared an interference between the Earles and Lowe patent and the Gomber application for reissue, involving claim 3 of the former and claim 9 of the latter. The Earles and Lowe preliminary statement, executed by Lowe and filed under Rule 110 of the Patent Office, gave June 1, 1912, as the date of their conception, disclosure and reduction to practice, which later they unsuccessfully sought to amend by naming the earlier date of 1904. The Gomber preliminary statement fixed the date of his conception, disclosure and reduction to practice in the summer of 1910. After testimony, argument and submission, the Examiner of Interferences found priority of invention in Gomber. On appeal to the Board of Examiners in Chief, that tribunal affirmed the Examiner of Interferences and likewise awarded priority to Gomber. On appeal to the Commissioner of Patents, the Assistant Commissioner affirmed the decision of the Board of Examiners in Chief. Earles and Lowe next took an appeal to the Court of Appeals of the District of Columbia which affirmed the decision of the Assistant Commissioner of Patents. Thus these four tribunals found priority of invention in Gomber, and in due course his application for reissue was granted. Then Earles and Lowe brought this suit in the District Court of the United States for the Middle District of Pennsylvania. It was tried and decided on a record comprising, by stipulation, the record of the case in the Court of Appeals of the District of Columbia with the additional testimony of one witness. That court found against Earles and Lowe and the case is now before this court on what may be its last stage.

The appellants' first contention is that the reissue of the Gomber patent broadened its claims and that, because granted on an application filed more than two years after the issue of the original patent, it is invalid under Miller v. Brass Co., 104 U. S. 350, 26 L. Ed. 783, and Vandenburgh v. Truscon Steel Co., 261 U. S. 6, 43 Sup. Ct. 331, 67 L. Ed. 507. Whatever may be the rule—whether an absolute two year limitation or a qualified two year limitation, In re Starkey, 21 App. D. C. 519, 525; Chapman v. Wintroath, 252 U. S. 126, 40 Sup. Ct. 234, 64 L. Ed. 491; Mahn v. Harwood, 112 U. S. 354, 363, 5 Sup. Ct. 174, 6 Sup. Ct. 451, 28 L. Ed. 665; White v. Dunbar, 119 U. S. 47, 7 Sup. Ct. 72, 30 L. Ed. 303,—we are not called upon to apply it in this case because we find that the Gomber reissue did not enlarge the claims beyond the invention disclosed in the original patent.[1]

[2, 3] In approaching the question of priority of invention—a pure question of fact—we are confronted by two long established rules; one, that prior invention, to serve as an anticipation of a patent, must be established beyond a reasonable doubt, Cantrell v. Wallick, 117 U. S. 689, 695, 6 Sup. Ct. 970, 29 L. Ed. 1017; Barbed Wire Case, 143 U. S. 275, 284, 12 Sup. Ct. 443, 450, 36 L. Ed. 154; the other, when that question has been decided by the Patent Office in interference proceedings "the decision there made must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction." Morgan v. Daniels, 153 U. S. 120, 125, 14 Sup. Ct. 772, 773 (38 L. Ed. 657); Ecaubert v. Appleton, 67 Fed. 917, 15 C. C. A. 73; Novelty Glass Mfg. Co. v. Brookfield, 170 Fed. 946, 95 C. C. A. 516; Gold v. Gold, 237 Fed. 84, 86, 150 C. C. A. 286; Gold v. Newton, 254 Fed. 824, 166 C. C. A. 270; Curtiss Corporation v. Janin (C. C. A.) 278 Fed. 454; Loughran v. Quaker City Chocolate Co. (C. C. A.) 296 Fed. 822.

In the light of these rules we take as our starting point on the fact issue of priority of invention the decisions of the three tribunals of the Patent Office and the Court of Appeals of the District of Columbia—all in accord in holding against Earles and Lowe as original inventors. Yielding to these decisions the full faith and credit which the law gives them, we first inquire whether the evidence which was before those tribunals and is now before us establishes to our "thorough conviction" that they were wrong. Without repeating or discussing this evidence it will be enough to say that we find that it does not so convince us, but, on the contrary, it satisfies us that they were right. But there was evidence before the District Court which was not before the Patent Office and the Court of Appeals of the District of Columbia. Therefore, beginning afresh with this evidence, we inquire whether it establishes priority of invention in Earles and Lowe by stopping the gaps and overcoming the contradictions in the

[1] An interesting discussion of the rule as to the time within which an applicant for a patent may copy claims from a patent granted to another for purposes of interference and testing the question of priority of inventorship of such claims may be found in the brief of Edwin J. Prindle, Esq. as amicus curiæ in Webster Electric Co., Petitioner, v. Splitdorf Electrical Co., Respondent, 44 Sup. Ct. 342, 68 L. Ed. ——.

testimony before the first four tribunals, and whether alone it is sufficient to overturn their decisions. This is the testimony of William L. Earl, a witness in no way related to one of the plaintiffs of a similar name. His testimony is clear and direct. Standing alone—that is, if it were the only testimony in the case—it would, perhaps, be convincing. But it is not alone; it is only a part of a record which has for its central fact the patentees' preliminary statement that June 1, 1912, was the date of invention. To prevail over the decisions of the four specially constituted patent tribunals, the new testimony of one witness must be strong enough to destroy at least the statement of the patentees themselves as to this critical date. To accomplish this the testimony would have to be strong indeed; for the whole scheme of interference proceedings is based on the requirement that each of the contesting parties shall, without the knowledge of the other and at the same time, name the date of conception, disclosure and reduction to practice of his invention and, that being done, they shall be "strictly held in their proofs" to the dates set up. Rule 110 of the Patent Office. Thus the issue is framed and thus it is intended it shall be tried. The witness Earl, however, testified to a date of invention long prior to that named by Earles and Lowe in their preliminary statement. His testimony standing alone does not, in our opinion, displace their preliminary statement, nor does it overturn the record on which the first four decisions were made. Accordingly we find no error in the decree of the district court dismissing the bill.

This is in effect a decision holding claim 9 of the Gomber reissue valid, and in so holding we base our decision merely on the presumption of the patent grant and on the found priority of invention over that of claim 3 of the Earles and Lowe patent. We express no other view on the validity of the claim. In a case like this, manifestly each party is anxious to have the claim of his patent upheld as involving patentable invention. Certainly, neither party will do anything, in this respect, to jeopardize the validity of the contesting claim of the other. The public, however, has an interest which may be opposed to the interest of both the parties. That the door may be left open, we have limited our decision in the manner indicated.

The decree below is affirmed.