## TINSEL CORPORATION OF AMERICA v. B. HAUPT & CO., Inc., et al.

District Court, E. D. New York. April 7, 1928.

No. 1854.

1. Patents ⬦⟶287(6)—Managing officers are not liable for corporation's infringement, in absence of insolvency of corporation or acts of officers beyond scope of their office.

In absence of showing that corporation is insolvent or that managing officers acted beyond scope of their office, such officers are not individually liable for alleged infringement of patent by corporation.

2. Patents ⬦⟶109—Supplemental oath is not required on adding claims by amendment, where inventions of claims were embraced in statement of invention originally presented.

No supplemental oath is required, nor can there be a Patent Office estoppel on the addition of claims to a patent by amendment, where the inventions of such claims were embraced in statement of invention originally presented.

3. Patents ⬦⟶81—Testimony of interested defendants not supported by contemporaneous tangible proof held insufficient to establish alleged prior use beyond reasonable doubt.

·In suit for injunction and damages for alleged patent infringement, testimony of individual defendants who are deeply interested witnesses, not supported by contemporaneous tangible proof, held insufficient to establish alleged prior use beyond reasonable doubt, in view of evidence of plaintiff's disinterested witness.

4. Patents ⬦⟶18—Simplicity of invention is not ground for denying patentability.

Because an invention appears simple is no reason for denying its patentability. ·

5. Patents ⬦⟶36(2)—Great commercial success of invention is sufficient to resolve doubt in its favor.

Great commercial success of invention of patent in suit is sufficient to resolve doubt in favor of invention.

6. Patents ⬦⟶328—No. 1,248,222, claims 9, 10, for insulated reflectors for Christmas tree lights, held valid, infringed, and not anticipated.

Weckesser patent, No. 1,248,222, claims 9 and 10, for insulated reflectors, designed principally for use for ornamentation on Christmas trees in connection with miniature incandescent electric lamps, held valid, infringed, and not anticipated.

Suit by the Tinsel Corporation of America against B. Haupt & Co.; Inc.; and others, for an injunction and for damages for alleged infringement of patent. Decree for plaintiff in accordance with opinion.

Henry R. Ashton and James M. Snee, both of New York City, for plaintiff.

Morris Kirschstein, of New York City, for defendants.

CAMPBELL, District. Judge. This suit is brought in equity for an injunction and for damages for the alleged infringement by the defendants of patent No. 1,248,222, issued to William Weckesser, for insulated reflector, dated November 27, 1917, on an application filed November 29, 1916, the title to which passed to the plaintiff by assignment.

The defendants by answer raise the issues of invalidity and noninfringement.

The defendant Lena Haupt died prior thereto, and, when the suit came on for trial, it was on motion discontinued as to her.

The defendants Rudolph Haupt and Bernard Haupt are, respectively, the president and secretary of the defendant corporation. They are also directors of the defendant corporation, own all of its stock, and determine its activities.

[1] The evidence does not show that the defendant corporation is insolvent, nor does either of the individual defendants appear to have acted beyond the scope of his office, and therefore they are not individually liable for the alleged infringement. Dangler v. Imperial Mach. Co. (C. C. A.) 11 F. (2d) 945; New Departure Mfg. Co. v. Rockwell-Drake Corporation (C. C. A.) 287 F. 328, 334; Weston Electrical I. Co. v. Empire Electrical I. Co. (C. C.) 166 F. 867, 874 to 877; Reis v. Rosenfeld (C. C. A.) 204 F. 282, 284; Underwood Typewriter Co. v. Manning (D. C.) 221 F. 652, 654.

This suit is based upon claims 9 and 10 of the patent in suit, which read as follows:

"9. The combination with a socket, an electric lamp having a plug adapted to said socket and a reflector for use with said lamp, of an insulating disk carried by the reflector and apertured for the passage of the plug; said disk being interposed between the socket and lamp and confined in place by the latter and supporting the reflector in proper position with respect to the lamp. ·

"10. The combination with a socket, a lamp having a plug adapted to said socket and a reflector for use with said lamp, of an insulating disk carried by the reflector and apertured for the passage of the plug; said disk being interposed between the socket and lamp and confined in place by the latter and with the reflector separable from said socket and lamp when the latter is removed from the socket."

The invention of the patent in suit is described therein as follows:

"A simple form of metal reflector carrying an insulating element by means of which it is secured in proper position with respect

to the lamp; the insulating member lying between the plug of the lamp and the socket receiving such plug and completely insulating the lamp and all of its connections from the metal reflector."

These reflectors were designed principally for use for ornamentation on a Christmas tree, in connection with miniature incandescent electric lamps.

The specific form shown in the patent in suit is a star-shaped metal reflector provided with a recess to receive an insulating disk 4 made of paper, parchmentized fiber, rubber, or other suitable insulating material. The disk is held in place by displacing small portions of the metal of the wall of the recess over the edge of the disk.

The patentee of the patent in suit, in speaking of the reflector when in place, said:

"The insulating disk 4 of the reflector will lie substantially at the junction of the glass portion of the lamp and the plug, preventing all danger of contact of the metal of the reflector with the plug or socket, and avoiding danger of short-circuiting or other trouble that might cause fire."

Christmas tree reflectors were certainly not generally known in this country before the patent in suit issued. The danger from fire in Christmas tree illuminating was well known, both when candles were used, and in electric light illuminating where the possibility of short-circuiting existed. This danger was removed by the use of an insulating disk carried by the reflector and interposed between the socket and lamp. While the invention is a simple one, it is highly commendable and useful.

The claims in suit are combination claims, including the lamp, the lamp plug, and the reflector which carries its insulating disk; the disk being interposed between the socket and the lamp and held in place by the latter, thus properly supporting or holding the reflector.

Claim 10 differs from claim 9 in specifying that the disk and reflector are separable from the socket and lamp when the lamp is removed.

The articles sold by the defendants are made of two or more superposed layers of copper foil, a good conductor. These, in Exhibits 1 and 2, are held together by metal rings covered with insulating material, and in Exhibit 3 a paper or fiber insulating ring is provided. In both instances the reflectors are completely and effectively insulated from the lamp and socket. The reflectors were sold for use in connection with the lamp and socket.

[2] Infringement was clearly made out.

There was no Patent Office estoppel, and no supplemental oath was required when claims 9 and 10 were added by amendment filed October 15, 1917, because the inventions of claims 9 and 10 were embraced in the statement of invention originally presented.

[3] The evidence offered to establish a prior use by the defendant Bernard Haupt was not supported by contemporaneous tangible proof, and, in face of the evidence of plaintiff's disinterested witness Dorn, prior use cannot be sustained upon the evidence of the two defendants Rudolph Haupt and Bernard Haupt, who are deeply interested witnesses.

Defendants have failed to bear the burden of establishing the alleged prior use beyond a reasonable doubt. The Barbed Wire Patent, 143 U. S. 275, 282, 285, 12 S. Ct. 443, 36 L. Ed. 154; Deering v. Winona Harvester Works, 155 U. S. 286, 300, 15 S. Ct. 118, 39 L. Ed. 153; Earles v. A. W. Drake Mfg. Co. (C. C. A.) 300 F. 265, 267; Pyrene Mfg. Co. v. Boyce (C. C. A.) 292 F. 480.

Of the prior art patents offered by the defendants, four were cited as references by the Patent Office, and of two of these (Sagebrecht, No. 1,187,104, and Soehnlein, No. 1,-237,112) the dates of invention, as appears by the stipulation filed, were later than that of the patentee in the patent in suit, as he had sworn. In any event, they both disclose pocket or portable flashlights, and are distinguishable from the structure of the patent in suit.

Of the other two, Robinson, No. 853,829, discloses a reflector for a therapeutic lamp adapted to confine and direct the light and heat, and taught nothing to the patentee in the patent in suit, and Hubert, No. 1,157,395, is for a pocket flashlight in which a reflector and small electric lamp are used, the lamp socket is depended upon to hold the insulating elements, and the socket and reflector are permanently secured together. There was nothing in this patent approaching a disclosure of the invention of the patent in suit.

The following patents were not offered or received as anticipating the patent in suit, but simply to show the prior state of the art:

German patent to Deimel, No. 196,189, June 20, 1907, entitled, "Reflector for Electric Glow Lamps Adapted to be Attached by Springs." Whatever else may be said, it is clear that the insulating member is securely held on the lamp plug or socket, and is not confined in place by the lamp, within the meaning of claims 9 and 10, and did not teach the patentee how to make the patented reflector.

British patent to Rhodes, No. 26,436,

of 1901, shows a metal reflector particularly applicable for illuminating exteriors of buildings to be supported on the plug of the lamp by the prongs and without an insulator.

Goodchild, No. 634,295, and Schafer, No. 531,809, show metal reflectors moulded or supported on the lamp bulb without insulation.

Mygatt, No. 1,043,787, shows a reflector permanently and fixedly secured to the lamp plug. This patent does say, "If necessary, an asbestos or rubber gasket may be applied for insulation as is common," but the specification does not explain how the asbestos or rubber gasket may be applied.

The following patents were pleaded as anticipations: Feighner, No. 785,483; Klein, No. 838,789; Meyer, No. 888,521; Sagebrecht, No. 1,122,425; and Wacker, No. 1,238,850—but in each instance the reflector is mounted or supported on the lamp socket and forms a part thereof, and they do not anticipate.

Defendant contends there was no invention in the patent in suit but merely mechanical skill.

Granted that the use of insulation was known, the fact remains that no one had anticipated the patentee in the use he made of it in the patent in suit, although defendant Rudolph Haupt testified he received reflectors from Germany in 1912 or 1913, without insulation, and it was clearly shown that, because of the danger of fire from short circuits, reflectors of this character gained no foothold until reflectors constructed and insulated as taught by the patentee in the patent in suit appeared on the market, and this to me is evidence of invention.

[4] Because the invention appears simple is no reason for denying its patentability; on the contrary, the fact that no one thought of this simple way of remedying a grave defect in the reflectors for some period of time shows invention on the part of the patentee in finding such remedy.

[5] If I was in any doubt on the subject of the invention of the patent in suit, the great commercial success of reflectors, constructed and insulated as taught by the patentee in the patent in suit, would resolve that doubt in favor of the invention of the patent in suit.

[6] The patent in suit is valid and infringed, and a decree may be entered in favor of the plaintiff against the defendant B. Haupt & Co., Inc., with an injunction and accounting for profits and damages and costs, with the usual reference, and in favor of the individual defendants, Rudolph Haupt and Bernard Haupt, against the plaintiff, dismissing the bill of complaint, but, as the same attorney represented all the defendants, and no evidence was produced by the defendants which was not for the benefit of the corporate defendant, such dismissal will be without costs.