## RAND v. HERCULES POWDER CO., Ino., et al. (two cases).

District Court, S. D. New York. August 13, 1928.

Siegfried F. Hartman, of New York City, for plaintiffs.

White & Case, of New York City (Joseph M. Hartfield and James Adam Murphy, both of New York City, of counsel), for defendants Hercules Powder Co. and New York Trust Co.

Joseph Rosenzweig, of New York City (Joseph H. Robins, of New York City, of counsel), for petitioning defendants.

HAZEL, District Judge. These two actions were originally brought in the Supreme Court of this state to require issuance to plaintiffs by defendants Hercules Powder Company (herein called the Powder Company) and the New York Trust Company (hereinafter called the Trust Company) of certificates of stock in the first-mentioned corporation which had been mailed by plaintiff to the Powder Company and stolen from the mail in transit, or, in the alternative, if the shares are not reissuable, to recover their value. Plaintiffs are citizens of Rhode Island; the defendant Powder Company is a citizen of Delaware, the Trust Company of New York, and the impleaded defendant is also a citizen and resident of this state. He was brought into the case by the original defendants under section 193 of the Civil Practice Act of this state, on the ground that he will be liable to said defendants if liability to plaintiff is decreed against them. Defendants Laird, Bissell & Meeds and individuals comprising the firm are citizens of Delaware, and were joined on their request, pleading that they had acquired the certificates by purchase, in good faith, and in ignorance of their ownership. They are obviously nominal parties only, and the decision herein will be without regard to them.

The removal to this court was sought on petition of defendant Kullman, on the ground that there is a separable controversy alleged in the pleadings, wholly between citizens of different states, and that removal is permitted under sentence 3 of section 28 of the Judicial Code (28 USCA § 71, sentence 3).

Plaintiff's ground to remand is that Kullman and the Trust Company are both citizens of this state, and accordingly the controversy is not wholly between citizens of different states, and, moreover, that there is no removable or separable controversy alleged in the bill; also that this court is without power to grant the relief demanded in the answers against Kullman. The original defendants joined in the motion to remand and present similar grounds for doing so.

The question for decision is whether Kullman, under the pleadings, has the right of removal to this court. The third sen-

tence of section 28 of the Judicial Code confers the right of removal whenever the controversy is wholly between citizens of different states, and which can be fully determined as between them; while the second part of the removal clause provides for removal by parties defendant in civil suits who are nonresidents of the state where the action was brought, regardless of the character of the controversy. Although sentence 3 relates to a controversy wholly between citizens of different states, and one fully determinable between them, and it contains no mention of nonresidence, it nevertheless has been interpreted as implying that a resident petitioner cannot remove a separable controversy to this court from a state court, and that the requirement of the second sentence as to nonresidence also applies to the succeeding clause. Thurber v. Miller (C. C. A.) 67 F. 371; Drovers' Dep. Nat. Bank v. Tichener (D. C.) 202 F. 1013; Visayan Ref. Inc. v. Standard Transp. Co. (D. C.) 17 F.(2d) 642. I concur in this construction of the Removal Act.

■■ The action is not removable, unless the involved controversy is wholly between citizens of different states, and, since the Trust Company as well as petitioner for removal are residents and citizens of New York, the application for remand must be allowed. All the plaintiffs must be of different citizenship from all the defendants. Ayres v. Wiswell, 112 U. S. 187, 5 S. Ct. 90, 28 L. Ed. 693; Fraser v. Jennison, 106 U. S. 191, 1 S. Ct. 171, 27 L. Ed. 131. The Trust Company was not merely a nominal defendant, as the petitioner contends, for the allegations of the bill and demand for judgment fairly indicate a probability of joint liability, and the original defendants, in turn, seek relief against Kullman, alleging a right of recovery against him for and on account of his misrepresentation of ownership of the stock.

Plaintiff also contends that this court is without jurisdiction to grant the relief sought by the defendants Powder Company and Trust Company against petitioner; but, in my view of the questions involved, I do not deem it necessary to consider any save that arising out of the construction of the removal statute.

■ In the Albert E. Rand suit there are various petitioners for removal, two being residents of this state and one a nonresident; but the essential allegations of the bill and demand for relief are the same as in the first-entitled action, and I find that the asserted separable controversy is not wholly between citizens of different states. That one of the petitioners is a nonresident is immaterial, in view of the decisions construing section 28, second sentence (28 USCA § 71, sentence 2), which quite generally hold, as hertofore indicated, that an action against resident and nonresident defendants does not confer the right of removal; such right being limited to instances where all the defendants are nonresident. See, also, Whitaker v. Coudon (D. C.) 217 F. 139, and cases cited. Such interpretation also applies to and is impliedly included in the third sentence. Other reasons are assigned for remanding the removal, but it is unnecessary to pass upon them.

The motion to remand in both cases is granted.