## BREESE v. TAMPAX, Inc., et al.

District Court, S. D. New York.

Oct. 22, 1941.

Eugene Frederick Roth, of New York City, for plaintiff.

Pennie, Davis, Marvin & Edmonds, of New York City (W. Brown Morton, of New York City, of counsel), for defendants.

CONGER, District Judge.

Motion to remand. This action was commenced in the Supreme Court, New York County, by the plaintiff, a citizen of Connecticut, against Tampax, Inc., a Delaware corporation, and Ellery W. Mann, who is a citizen and resident of New York. The action was removed to this court on the petition of both defendants.

After asserting that more than $3,000 is involved and that this is a suit as to which this court has original jurisdiction, the petition for removal alleges the following as the basis for removal: "5. That there is a controversy in this suit, and that such controversy and every issue of fact and law therein is wholly between citizens of different states." Immediately following the quotation are set forth the facts of citizenship and residence of the three parties to the suit.

The plaintiff now moves to remand the cause to the state court upon the ground "that the defendant Ellery W. Mann is and at the time of this action was a resident of the County and State of New York and this action was not properly removed to this court in accordance with the applicable statutory provisions."

The motion is opposed for the reason that there is diversity of citizenship between the plaintiff and defendant Tampax,

Inc., the only real defendant and the only defendant as to which the complaint states a cause of action.

The real and determinative issue therefore on this motion is whether the defendant Mann is a real defendant, and whether or not a cause of action is alleged against him.

■ There is no question that the presence of a merely nominal party, or one against whom no claim is stated, will not defeat removal. Toadvine v. Cincinnati, N. O. & T. P. Ry. Co., D.C., 20 F.Supp. 226. If, however, a good claim is stated, then such defendant in fact is a substantial, not a nominal, party.

■ My conclusion is that a good claim is stated. The complaint shows in substance that Mann, at first as an officer of Zonite Products Corp. and later acting for himself, engaged in extensive negotiations with the plaintiff over a period of years looking towards the promotion and sale of plaintiff's product and the use of her trade-mark. During these negotiations he is alleged to have made promises to plaintiff that he would finance and promote the venture on a national scale. ·

During these transactions with plaintiff, it is averred that Mann entered into secret dealings with another group, the purpose of which was to sell a product in competition with that of the plaintiff under a trade-mark that was similar to the plaintiff's. It is alleged that Mann and his other associates formed a company, the corporate defendant herein, to effectuate their purpose; that Mann became its president and has at all times been the dominant force therein, directing its policy and its action. It is alleged that this corporation was formed and has been used to promote the sale of the competing product and to enhance the position of the competing trade-mark; that due to the efforts of Mann the corporation has secured considerable financing and has extended itself into and usurped the market which is rightfully the plaintiff's.

It is further alleged that all of the above was done wilfully and with full knowledge on the part of Mann and the corporation of plaintiff's rights, was calculated to and did injure the plaintiff and deprive her of her lawful profits.

The plaintiff seeks a decree adjudging her trade-mark valid and infringed by defendants, for an injunction against them and their agents, for an accounting for profits arising out of the infringement, and for damages caused by the unfair trade practices set forth.

Aside from a possible right of action against Mann for deceit, as to the merits of which it is not necessary to rule, I am of the opinion that he is liable in tort not only for infringement as such, but for unfair competition.

■ In Denominational Envelope Co. v. Duplex Envelope Co., 4 Cir., 80 F.2d 186, it was found that the individual defendants, one of whom was an officer of the corporate defendant, had participated actively in the infringement. As part of the plan it was found that one of them had been instrumental in forming the defendant corporation, and that both defendants were active in the affairs of the company and aware of the character of its operations (i. e., infringing the plaintiff's product). The court held them liable. The same rule was applied in Claude Neon Lights v. American Neon Light Corp., 2 Cir., 39 F.2d 548, wherein it was stated that all persons participating in the infringement are liable even though acting simply as officers of the corporation. And see National Geographic Soc. v. Classified Geographic, Inc., D.C., 27 F.Supp. 655; Prest-O-Lite Co. v. Acetylene Welding Co., D.C., 259 F. 940; Hitchcock v. American Plate Glass Co., 3 Cir., 259 F. 948; Saxlehner v. Eisner, 2 Cir., 147 F. 189.

The cases cited by defendants, New Departure Mfg. Co. v. Rockwell-Drake Corp., 2 Cir., 287 F. 328; Art Metal Works v. Henry Lederer & Bro., D.C., 36 F.2d 267; Reis v. Rosenfeld, 2 Cir., 204 F. 282; and Tinsel Corp. v. B. Haupt & Co., D.C., 25 F.2d 318, hold either that conclusory allegations unsupported by facts are insufficient upon which to sustain personal liability, or that in order to charge the officer of a corporation with personal liability for infringement it must be shown that he did more than act within the scope of his duty as an officer, and that his conduct went beyond that point.

This distinction was alluded to in the Claude Neon case, supra. The line of demarcation is, to say the least, a shadowy one, and it is perfectly obvious to me that the liability will depend in the last analysis upon the proof adduced. Whether the individual exceeded his office, or was guilty of conduct which will render him liable,

is a question of fact. Whether, as defendants urge, Mann was not the dominant factor in this corporation, or whether he was, cannot be determined upon an affidavit which devotes itself to the comparative stockholdings of Mann and other directors, and this too is a question of fact. Suffice it is to say that a cause of action is stated against the individual defendant.

Having thus found, I can only conclude that the removal from the state to the federal court was improper. Here we have two defendants, both of whom I conclude are proper and real parties: one a non-resident and the other a resident of this state and district.

█ Where there is no separable controversy (as herein) and a resident and non-resident are joined, the suit is not removable. Rand v. Hercules Powder Co., D.C., 28 F.2d 131; McCaffrey v. Wilson & Co., D.C., 10 F.2d 368; Thurston v. Northwestern Fire & Marine Ins. Co., D.C., 9 F.Supp. 848.

Motion granted. Settle order on notice.