BAR'S LEAKS WESTERN, Inc., a corporation; Bar's Products, Inc., a corporation; Bar's Products Supply, Inc., a corporation; and Fred D. Barton, Plaintiffs,

**v.**

Gene POLLOCK, individually and doing business under the fictitious firm name and style of Western States Distribution; Walter T. Doyle; Grace Products, Inc., a corporation; and Southern Distributors, Inc., a corporation, Defendants.

Civ. No. 7318.

United States District Court
N. D. California, N. D.
Jan. 24, 1957.

Douglas A. Pease, San Francisco, Cal., for plaintiffs.

Marshall E. Leahy and John F. O'Dea, San Francisco, Cal., for defendants.

HALBERT, District Judge.

Plaintiffs have instituted in this Court the instant action based on claims for copyright infringement, trade-mark infringement, and unfair competition.

Plaintiffs, Bar's Leaks Western, Inc., and Bar's Products, Inc., are California corporations; plaintiff, Bar's Products Supply, Inc., is a Michigan corporation; and plaintiff, Fred D. Barton, is a citizen and resident of Michigan. Defendant, Gene Pollock (whose true name is made to appear herein as John E. Pollock), is a citizen and resident of California; defendants, Walter T. Doyle and Grace Products, Inc., are, respectively, a Pennsylvania citizen and resident, and a Pennsylvania corporation. The action has been voluntarily dismissed as to Southern Distributors, Inc.

There are before the Court at this time three motions to dismiss the action. These motions have been filed by the defendants, John E. Pollock (sued in this action as Gene Pollock), Grace Products, Inc., a corporation, and Walter T. Doyle, respectively. These motions have all been argued and are supported by affidavits and extensive memoranda, all of which have been considered by this Court in reaching the conclusions, which are set forth below. Because of the nature of the matters to be considered in connection with them, the defendants' motions to dismiss will be considered in the reverse order from which they were filed and are hereinabove referred to.

Plaintiffs assert that the jurisdiction of this Court over the subject matter of the action rests on both diversity of citizenship and "federal question" grounds. The record makes it abundantly clear that the requisite diversity cannot be found, 28 U.S.C.A. § 1332, and Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435, hence, if this Court is to have any subject matter jurisdiction of this action, it must be predicated upon Title 28 U.S.C.A. § 1331, and related provisions. The lack of a sufficient basis for diversity jurisdiction is, however, on the other hand, obviated by a Congressional willingness to provide a federal forum for copyright, trade-mark and unfair competition actions by virtue of the provisions of Title 28 U.S.C.A. § 1338(a) and (b). This action meets the test set forth in that section. Under the

Lanham Trade-Mark Act, 15 U.S.C.A. §§ 1051–1127, jurisdiction over trade-mark actions has been specifically conferred on the district courts, 15 U.S.C.A. § 1121. The copyright aspect of this action clearly arises under the infringement provisions of the Copyright Act, 17 U.S.C.A. § 101. Both the trade-mark and the copyright claims are "substantial", and they are "related" to the claim for unfair competition within the meaning of § 1338(b), supra, by virtue of the fact that the grounds supporting the unfair competition claim are common to both the asserted trade-mark and asserted copyright infringement claims, Ross-Whitney Corp. v. Smith, Kline & French Lab., 9 Cir., 207 F.2d 190.

■■■■■■ Defendant, Walter T. Doyle, has interposed a motion to dismiss the action as to him on the ground of lack of personal jurisdiction. Personal service was attempted on Doyle in the State of Pennsylvania. Such service, having been attempted outside the territorial limits of the State of California, was ineffectual for the purpose of conferring jurisdiction on this Court over the person of defendant, Doyle.

Plaintiffs argue that since Doyle is the principal stockholder in Grace Products, Inc., a Pennsylvania corporation, and this corporation might, under the law, be made amenable to the process of this Court, that defendant, Doyle, as such principal stockholder of said corporation, ought likewise to be amenable to the process of this Court. This argument is founded on the false premise that a corporation and its stockholders are legally one and the same. There are situations where this argument might be made with some degree of legal propriety, but this is not one. The mere fact that Doyle may be the principal stockholder of the foreign corporation, Grace Products, Inc., which corporation *might* be amenable to process within the forum state, does not by itself excuse plaintiffs from their bounden duty to effect proper service upon Doyle.

Service having not been properly made on defendant, Doyle, the action will be dismissed as to him.

The motion of defendant, Grace Products, Inc., to dismiss the action as to it, on the grounds of improper service and venue, cannot be disposed of so easily. Service was had on this defendant in the manner provided for in § 6501 of the California Corporations Code.[1] This service was made pursuant to an order of this Court, dated November 22, 1955, and based upon an affidavit provided by the plaintiffs, which contains the assertion that the defendant, Grace Products, Inc., was at that time "doing business" within the State of California.

It is not disputed that Rule 4(d) (7), F.R.Civ.P., 28 U.S.C.A., sanctions service on a foreign corporation by the *method* prescribed by the forum state law. There is, however, no such unanimity of opinion on the question of whether *amenability* to process is to be determined by applying state standards as they are limited by concepts of due process,[2] or by applying federal "general law" concepts.[3]

■■■■■ Where federal jurisdiction is based on diversity grounds, the policy underlying the doctrine of intra-state uniformity as expressed in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832,

1. This section provides for service on the Secretary of State of the State of California, and § 6502 of the California Corporations Code requires him to forward a copy of the process and order to the foreign corporation at the address specified in the order.

2. E. g., International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Travelers Health Ass'n v. Commonwealth of Virginia, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154; and Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485.

3. The question raised in Note: Jurisdiction of Federal District Courts over Foreign Corporations, 69 Harv.L.Rev. 508, at 521, citing Hedrick v. Canadian Pacific Ry. Co., D.C., 28 F.Supp. 257, and 2 Moore, Federal Practice, § 4.25, 969–970.

seems to require the application of state standards seasoned with appropriate due process concepts, Partin v. Michaels Art Bronze Co., 3 Cir., 202 F.2d 541, and see Lone Star Package Car Co. v. Baltimore & Ohio R. Co., 5 Cir., 212 F.2d 147, 153, both referring to Judge Goodrich's formula in Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193. However, the Court of Appeals for the Ninth Circuit in recent dicta indicated that it was "Unnecessary to consider * * * the scope of the California doctrine" even where federal jurisdiction was based on diversity of citizenship, Le Vecke v. Griesedieck Western Brewery Co., 9 Cir., 233 F.2d 772, at page 776, footnote 7, distinguishing Woodworkers Tool Works v. Byrne, 9 Cir., 191 F.2d 667 (a diversity case) from the main case (a removed case) where an exhaustive analysis of the California doctrine was undertaken. At least where jurisdiction is based on "federal question" grounds, as it is in the case at bar, with the compulsion of the Erie doctrine absent, there appears to be no justification for an acquiescence to state standards and Fourteenth Amendment due process for the purposes of deciding the issue of amenability of the foreign corporation to process, Lone Star Package Car Co. v. Baltimore & Ohio R. Co., supra, 212 F.2d at page 154, and authorities there cited.

In the case at bar it appears from the record that Grace Products, Inc., by contract arranged for the bottling and distribution of its product in California by Pollock at his plant in Stockton. Pollock owned his business, and from all that appears, was an independent distributor. There appears to be no "commission" arrangement between Grace Products and Pollock, but rather, the usual purchase and resale of the product by Pollock. Grace Products had no contact with any of Pollock's customers, maintained no office, and had no agent within the State of California. Grace Products did require Pollock to use its labels, and requested him to employ its standard advertising and marketing techniques. It further appears that the labels furnished by Grace Products indicated that it maintained a plant at Stockton, California, along with its other plants at Chicago, Illinois, and Havertown, Pennsylvania. Grace Products is not licensed to do business in California, nor has it ever attempted to qualify to transact intra-state business in California. See requirements set forth in § 6400 et seq. of the California Corporations Code.

 The principal issue in this case as to this defendant, so far as jurisdiction is concerned, then, can be defined as the question of whether a foreign corporation selling its products to an independent distributor within a state and designating on the product label that the independent distributor is a "branch plant" has made itself available to process in the federal court in that state.

Although it might be consistent with considerations of substantial fairness and the attendant safeguards of notice and opportunity to be heard, to hold that Grace Products is amenable to the process of this Court, the question of jurisdiction becomes academic when merged in the larger question of proper venue under Title 28 U.S.C.A. § 1391(c).[4] To equate personal jurisdiction over the foreign corporation in all cases based on

4. Cf. Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (Although a diversity case, the implication is strong that even though personal jurisdiction under the state law may not violate the due process concepts set forth in International Shoe Co. v. State of Washington, supra [footnote 2], additional safeguards must be provided for the purposes of venue.); ac-

cord, Lied Motor Car Co. v. Maxey, 8 Cir., 208 F.2d 672; and Steel Motor Service v. Zalke, 6 Cir., 212 F.2d 856. Lone Star Package Car Co. v. Baltimore & Ohio R. Co., supra [main text] recognizes a similar distinction in the "federal question" field.

Title 28 U.S.C.A. § 1391(c) controls venue in this action, for their is no special venue provision for actions whose

"federal question" jurisdiction with federal venue requirements under § 1391 (c), *supra*, would, by oversimplification, result in conceptual inconsistencies.

Where the contact with the forum state is as negligible as it is in the case at bar, the requirements of "doing business" for venue purposes, § 1391(c), imply a "balancing of the inconveniences" test [5] in addition to the general due process requirements associated with the personal jurisdiction question. See Lehn & Fink Products Corp. v. Milner Products Co., D.C., 117 F.Supp. 320, 322; also Ronson Art Metal Works, Inc., v. Brown & Bigelow, Inc., D.C., 104 F. Supp. 716, 723–724.

Where a foreign corporation does no more than ship its products to an independent distributor in the forum state, and the only business transacted within the state is done by the distributor, the inconveniences associated with defending a suit in the state's federal court far outweigh the inconveniences visited upon the plaintiff (especially where, as in the case at bar, that plaintiff is a nonresident of the forum state) by his having to bring suit in a more appropriate forum. Nor would it be in the "interest of justice" to transfer this action to the appropriate district court under Title 28 U.S.C.A. § 1406(a), in view of the inconveniences which would be posed to the "resident" plaintiffs and defendants in this action. Accordingly, Grace Products, Inc., will be dismissed from this action on the ground that venue has been improperly laid in this Court.

 The contention of the defendants that the action must be dismissed entirely because of the absence of Doyle and Grace Products, Inc., is without merit. In copyright, trade-mark, and unfair competition actions under federal law, *all* persons participating in the actionable conduct are jointly and severally liable, 15 U.S.C.A. § 1114 and 17 U.S.C.A. § 101. Since even agents under certain circumstances may be subjected to individual liability, it follows, *a fortiori*, that an independent contractor may be required to defend the action alone. Fleischer Studios v. Ralph A. Freundlich, Inc., D.C., 14 F.Supp. 401; Buck v. Crescent Gardens Operating Co., D.C., 28 F.Supp. 576; Breese v. Tampax, Inc., D.C., 42 F.Supp. 115; Conde Nast Publications v. Vogue School of Fashion Modelling, D.C., 105 F.Supp. 325; Gordon v. Weir, D.C., 111 F.Supp. 117; Elgin Nat. Watch Co. v. Loveland, C.C., 132 F. 41; Claude Neon Lights, Inc., v. American Neon Light Corp., 2 Cir., 39 F.2d 548; and Leon v. Pacific Telephone & Telegraph Co., 9 Cir., 91 F.2d 484.

It is, therefore, ordered that this action be, and the same is, hereby dismissed as to the defendant, Walter T. Doyle;

It is further ordered that this action be, and the same is, hereby dismissed as to the defendant, Grace Products, Inc., a corporation;

And it is further ordered that the motion of the defendant, John E. Pollock (sued in this action as Gene Pollock), for the dismissal of this action be, and the same is, hereby denied.

A form of formal order may be prepared and lodged with the Clerk for presentation to the Court by the interested parties.

jurisdiction is based on § 1338(a) and (b). § 1400(a) controls copyright actions only, and even if that section were controlling in this action, the outcome of this case would not be altered thereby.

5. Cf. Hutchinson v. Chase & Gilbert, Inc., 2 Cir., 45 F.2d 139, at page 141; and cf. Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, at page 186.