Irving K. KESLER, Don Kesler and Henry A. Kesler, Plaintiffs,

v.

SCHETKY EQUIPMENT CORPORA-TION, an Oregon corporation, Clement-Braswell, an individual, Clement-Braswell, Inc., a Louisiana corporation, Defendants.

Civ. No. 7990.

United States District Court
N. D. California, N. D.

Dec. 7, 1961.

Victor L. Huber, Marysville, Cal., for plaintiffs.

John F. Downey and Downey, Brand, Seymour & Rohwer, Sacramento, Cal., for defendant Schetky Equipment Corp.

HALBERT, District Judge.

Defendant Schetky has moved in this action to quash service of summons and to dismiss the action. The ground for such motion is that this Court lacks jurisdiction over Schetky. It is asserted that Schetky is an Oregon corporation, with its principal place of business in Oregon, and that it does no business in California which would make it subject to service of process of this Court.

■■ For the purpose of deciding a motion to quash service of summons upon a foreign corporation, the facts averred in the affidavits of the opposing parties relating to the issue of whether the corporation was doing business within the state are required to be accepted as true,

when they are not conflicting (Alexander Young Distilling Co. v. National Distillers Products Corp., D.C., 33 F.Supp. 334). The parties here, however, have come forth with affidavits which directly contradict each other, both as to facts and as to the interpretations to be placed upon those facts. In a motion of this type, plaintiffs have the burden of establishing the presence of the defendant they undertake to sue (McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Fergus Motors v. Standard-Triumph Motor Company, D.C., 130 F.Supp. 780).

Accepting plaintiffs' affidavits and complaint as true (without so deciding; See: Woodworkers Tool Works v. Byrne, 9 Cir., 191 F.2d 667, 673), the jurisdictional facts in this action would appear to be as follows: Schetky is incorporated under the laws of Oregon, with its principal place of business in Portland, Oregon. Plaintiffs are all citizens of California. Schetky has not designated an agent for service of process in California. On or about July 19, 1957, Keith Wesp, an agent and salesman for Schetky, contacted plaintiffs and endeavored to sell them a semi-dump trailer, quoting prices, types and giving general specifications. Wesp again contacted plaintiffs on August 19, 1957 for the same purpose, and a third time on September 9, 1957. Each of these three contacts was made in Eureka, California. On the third occasion, in the presence of Wesp and Orin Hall, sales manager of Schetky, plaintiffs allegedly signed a contract to purchase said trailer and executed a chattel mortgage securing the same. According to plaintiffs, the chattel mortgage falsely recites that the signing took place in Portland, Oregon.

Plaintiffs, in additional affidavits, assert that Schetky, through its agents Wesp and Hall, solicited business from one James T. Lampley in Eureka, California, and from four other persons, two of whom are unknown.

Rule 4(d) (7) of the Federal Rules of Civil Procedure, 28 U.S.C.A., sanctions service on a foreign corporation by the method prescribed by the forum state law. There is, however, no unanimity of opinion on the question of whether amenability to process is to be determined by applying state standards as they are limited by concepts of due process, or by applying federal "general law" concepts (Bar's Leaks Western v. Pollock, D.C., 148 F.Supp. 710).

Where federal jurisdiction is based on diversity grounds, the policy underlying the doctrine of intra-state uniformity, as expressed in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 and Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, seems to require the application of state standards seasoned with appropriate due process concepts (Partin v. Michaels Art Bronze Co., 3 Cir., 202 F.2d 541; Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193). This issue has been fully discussed in Kenny v. Alaska Airlines, D.C., 132 F.Supp. 838, and the determination there made is at least inferentially supported by the Court of Appeals for the Ninth Circuit in L. D. Reeder Contractors of Ariz. v. Higgins Industries, 265 F.2d 768.

Preliminarily it should be noted that if a foreign corporation *is doing business* in California, it is amenable to service in California, even if it has not registered to do intrastate business pursuant to California law (Steiner v. 20th Century-Fox Film Corp., 9 Cir., 232 F.2d 190). "Doing business" within the meaning of California law is synonymous with the power of the state to subject foreign corporations to local process (Fisher Governor Co. v. Superior Court, 53 Cal.2d 222, 1 Cal.Rptr. 1, 347 P.2d 1; Cosper v. Smith & Wesson Arms Co., 53 Cal.2d 77, 346 P.2d 409; Carl Borgward, G. M. B. H. v. Superior Court, 51 Cal.2d 72, 330 P.2d 789; and Henry R. Jahn & Son v. Superior Court, 49 Cal.2d 855, 323 P.2d 437). The term is a descriptive one that the courts have equated with such "minimum contacts with [the state] that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' " (International Shoe Co.

680

v. Washington, 326 U.S. 310, 66 S.Ct. 154, 158, 90 L.Ed. 95).

■ The concept of "doing business" requires a more or less continuous effort to conduct within the state some part of the business in which the company is engaged, as opposed to mere isolated or sporadic sales (Knapp v. Bullock Tractor Co., D.C., 242 F. 543; West Publishing Co. v. Superior Court, 20 Cal.2d 720, 128 P.2d 777). Moreover, the recent decisions have indicated that an answer to the question of whether or not a corporation is "doing business" in a particular state so as to be amenable to service of process within that state may depend upon whether or not the particular cause of action [or contract] sued upon arose [or was executed] in the forum state (Compare Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, with McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; and compare Fisher Governor Co. v. Superior Court, supra, with Cosper v. Smith & Wesson Arms Co., supra).

■ The affidavits submitted by the parties create a conflict concerning the actual place where the final sale was transacted. Plaintiffs assert that it took place in Eureka, California, and that the chattel mortgage (executed along with the sales contract) improperly recites that the location of execution was Portland, Oregon. Defendant, on the other hand, asserts that the entire sales transaction took place in Oregon. This is a question of fact that should be decided by the trier of the facts, if, under plaintiffs' allegations, defendant can be considered to be "doing business" in California. Of course, if defendant is not "doing business" in California, this Court can acquire no jurisdiction over defendant. Whether defendant is "doing business" in California accordingly is the legal touchstone in this case. The Court must therefore decide from the record now before it whether the defendant is "doing business" in California.

Plaintiffs allege, in their complaint and in their supplementary affidavits, that defendant has, within California, solicited or completed sales to at least five persons other than plaintiffs, three of whom are named. Defendant admits the sale to two of the named persons, but alleges that it took place entirely within the State of Oregon. Plaintiffs' affidavit as to those persons is made by Lampley, and seems to this Court to be of less weight (on the question of the location of the sales transaction) than does that of defendants. Lampley (with whom a sale was not consummated) alleges that defendant's representatives quoted specifications and prices to him in Eureka. His affidavit is extremely vague as to the time of this activity (defendant's affidavits place the time specifically at August 27, 1957), and in general seems less credible than do those of defendant.

Assuming *arguendo* that there was a solicitation of business and a quotation to Lampley within California, this was not enough. In order to be "doing business" the solicitation must be a *regular, continuous* and *substantial* course of the business, in furtherance of the purpose for which the corporation is organized and continues to function (Perkins v. Louisville & Nashville R. Co., D.C., 94 F. Supp. 946). The well-known case of McGee v. International Life Ins. Co., supra, is not authority to the contrary. In that case, the jurisdiction of the California court over the non-resident defendant was predicated upon a specific statute (California Insurance Code, §§ 1610–1620). This statute subjects foreign corporations to suit in California on insurance contracts entered into with California residents, even though such corporations cannot be served with process within its borders. No such statute is involved in this case. Here jurisdiction can be assumed over defendant only if it is found that defendant is "doing business" in California.

The concept of "doing business" is not spelled out by statute. California Corporations Code, § 6203 has been held to refer to the transaction of intrastate business, rather than to the more general concept of "doing business" (Borgward,

G. M. B. H. v. Superior Court, supra). The International Shoe definition of the term as being one equated with minimum contacts so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice" has been adopted as the general California definition in this area (Henry R. Jahn & Son v. Superior Court, supra [49 Cal.2d 855, 323 P.2d 439]).

On a motion to quash service and to dismiss the action, the burden is, as has already been noted, on the plaintiffs to establish that defendant is present within the jurisdiction and is doing business here. In the opinion of this Court, that burden has not been sustained. To the contrary, plaintiffs have failed to show the continuous course of business on the part of defendant within California, which is required before a foreign corporation becomes amenable to service of process. It follows, therefore, that the motion of defendant, Schetky Equipment Corporation, to quash service of summons and to dismiss the action as to it must be granted.

It is so ordered.