[S. F. No. 4511. Department One.—May 11, 1908.]

AMERICAN DE FOREST WIRELESS TELEGRAPH COMPANY, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and HON. J. C. B. HEBBARD, Judge.

FOREIGN CORPORATION IS PERSON WITHIN MEANING OF FOURTEENTH AMENDMENT.—A corporation, although organized under the laws of another state, is a "person" within the meaning of the fourteenth amendment of the constitution of the United States, providing that no state shall deprive any person of property without due process of law, nor deny any person within its jurisdiction the equal protection of the laws.

ID.—STATUTE CURTAILING RIGHT TO MAINTAIN OR DEFEND ACTIONS—CONSTRUCTION.—A statute which purports to curtail the privilege of foreign corporations to maintain or defend actions in this state, and to impose conditions upon compliance with which alone they may be permitted to do so, will not be construed to extend beyond the plain meaning of its terms considered in connection with its object and purposes.

ID.—STATUTE PROHIBITING MAINTENANCE OF ACTION—RIGHT TO DEFEND
NOT AFFECTED—FAILURE TO FILE COPY OF ARTICLES OF INCORPORA-
TION—CONSTITUTIONAL LAW.—Section 410 of the Civil Code, pro-
viding that no foreign corporation doing business in this state,
which fails to file copies of its articles of incorporation with the
secretary of state, and with the county clerk of the county where
its principal place of business is located and where it owns prop-
erty, as required by section 408 of such code, "can maintain any
suit or action in any of the courts of this state until it has com-
plied with said section," does not forbid a foreign corporation
which has failed to comply with such provisions from defending
an action brought against it in the courts of this state. Notwith-
standing the provisions of those sections, to prevent such a foreign
corporation from defending any action brought against it, would
be to deny it the equal protection of the laws and to deprive it
of its property without due process of law.

ID.—FAILURE TO DESIGNATE PERSON FOR SERVICE OF PROCESS.—Where it
appears from the record that a judgment against a foreign cor-
poration was rendered upon its default after striking out its answer,
solely for the reason that it had failed to file certified copies of its
articles of incorporation as required by sections 408 and 410 of
the Civil Code, the action of the court cannot be sustained by reason
of the provisions of sections 405 and 406 of that Code, which
purport to declare that a foreign corporation doing business in
this state, which neglects to file in the office of the secretary of
state a designation of some person residing within the state upon
whom process may be served, cannot maintain or defend any action
or proceeding in the state courts until it has filed such designa-
tion.

APPLICATION for a Writ of Certiorari to amend a judg-
ment of the Superior Court of the City and County of San
Francisco.    J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

C. M. Fickert, for Petitioner.

G. H. Perry, for Respondent.

SHAW, J.—This is a proceeding in *certiorari* to review a
judgment of the superior court of the city and county of
San Francisco for the sum of $257.75 and costs, in favor of
the San Francisco Commercial Agency, a corporation.   The
action in which the judgment was rendered was originally be-
gun in the justices' court and the judgment sought to be re-
viewed was rendered in the superior court on appeal.

The defendant in the action, petitioner here, is a corporation organized under the laws of the state of New Jersey. The complaint stated a cause of action to recover money due on contract. Summons was duly issued and the defendant appeared and filed an answer. The plaintiff therein then moved the court to strike the answer from the files, the motion was granted, and thereupon judgment was given in favor of the plaintiff therein against the petitioner as above mentioned. The motion to strike the answer from the files was made upon the ground that the defendant was a corporation of another state; that the demand sued on arose out of business transactions in this state and that said defendant corporation had failed and neglected to comply with the statute of this state requiring a foreign corporation doing business in this state to file a certified copy of its articles of incorporation with the secretary of state. No other ground was assigned as cause for the motion, and it appears to have been granted upon the ground that a corporation so failing cannot be allowed to defend an action brought against it in the courts of this state.

The statutory provisions in question are found in sections 408 and 410 of the Civil Code. Section 408 provides that "Every corporation organized under the laws of another state, territory, or of a foreign country, . . . which shall hereafter do business in this state or maintain an office herein, or which shall enter this state for the purpose of doing business herein, must file in the office of the secretary of state of the state of California a certified copy of its articles of incorporation, . . . and a certified copy thereof, duly certified by the secretary of state of this state, in the office of the county clerk of the county where its principal place of business is located, and also where such corporation owns property." Section 410 declares that "No foreign corporation which shall fail to comply with section four hundred and eight . . . of this code can maintain any suit or action in any of the courts of this state until it has complied with said section."

It will not be disputed that a corporation, although organized under the laws of another state is a "person" within the meaning of the fourteenth amendment of the constitution of the United States providing that no state shall deprive any person of property without due process of law, nor deny any person within its jurisdiction the equal protection of the

laws. (*Gulf etc. Ry.* v. *Ellis*, 165 U. S. 154, [17 Sup. Ct. 255]; *Railway Tax Cases*, 118 U. S. 396, [6 Sup. Ct. 1132].) It may also be conceded, as contended by counsel for respondent, that foreign corporations have no legal existence beyond the bounds of the state or sovereignty by which they are created and can exercise none of the functions and privileges conferred by their charters in any other state or country except by comity and consent of the latter (19 Cyc. 1222), and that one of the privileges which a corporation receives by its charter is the privilege of maintaining or defending actions in its corporate name and as a body corporate; in other words, the privilege of being a "person" within the cognizance of the law. There is, however, no rule of the common law which forbids a corporation organized and empowered to do business in one state from doing such business in another state. In the absence of any statutory inhibition there can be no doubt that the general comity existing between the states would permit a foreign corporation which had entered this state and had done business therein to maintain and defend actions arising out of such business. (19 Cyc. 1211, 1212.) A statute of this state which purports to curtail the privilege of foreign corporations to maintain or defend actions in this state, and to impose conditions upon compliance with which alone they may be permitted to do so, will not be construed to extend beyond the plain meaning of its terms considered in connection with its object and purposes. The sections above quoted do not purport to forbid a foreign corporation which has failed to comply with its provisions from defending an action brought against it in the courts of this state. They are only forbidden to *maintain* actions. The order of the court, striking out the answer because of the failure of the defendant to comply with the provisions of section 408, was not authorized by the statute. Notwithstanding the provisions of that section and of section 410 imposing a penalty for violation thereof, the foreign corporation doing business in this state was entitled to defend any action brought against it. To prevent it from doing so would be to deny it the equal protection of the laws and to deprive it of its property without due process of law. It appearing from the record that the judgment was rendered upon default and that the default was entered for this cause alone, it follows that the judgment is void.

Sections 405 and 406 of the Civil Code purport to declare that any corporation of another state doing business within this state must file in the office of the secretary of state a designation of some person residing within the state who may be served with process issued in this state against such corporation, and that such foreign corporation cannot *maintain or defend* any action or proceeding in any court of this state until it has complied with this provision. The motion in the case before us was not based upon the ground that the corporation had failed to comply with this provision, and, hence, no authority for the action taken can be predicated upon this statute.

It is ordered that the judgment of the superior court in the action above mentioned, and the order striking out the answer therein, be annulled and that the petitioner be allowed to defend the said action.

Angellotti, J., and Sloss, J., concurred.