[Civ. No. 1404. Second Appellate District.—November 10, 1913.]

## J. G. WINSTON, Respondent, v. THE IDAHO HARD-WOOD COMPANY (a Corporation), Appellant.

FOREIGN CORPORATION—FAILURE TO FILE ARTICLES OF INCORPORATION—RIGHT TO DEFEND ACTION.—The failure of a foreign corporation doing business in this state to file a certified copy of its articles of incorporation in the office of the secretary of state, as required by sections 408 and 409 of the Civil Code, renders it subject to a fine, and deprives it of the right to maintain any action in any of the courts of this state, but does not prevent it from defending any such action brought against it.

ID.—DESIGNATION OF PERSON ON WHOM TO SERVE PROCESS—TIME FOR FILING.—Such corporation is not required to file a designation of some person residing in this state upon whom process may be served, as provided by section 405 of the Civil Code, until the time of the filing of a certified copy of its articles of incorporation in the office of the secretary of state, and in the absence of proof of the filing of such a certified copy, such time has not arrived and no duty devolves upon it to file such designation.

ID.—SERVICE OF SUMMONS ON SECRETARY OF STATE.—In an action against such corporation service of summons on the secretary of state is unauthorized, if it is not alleged in the complaint or otherwise shown that the defendant has failed to comply with the provisions of sections 408 and 409 of the Civil Code requiring such a corporation to file a certified copy of its articles of incorporation in the office of the secretary of state, but it is simply recited in the return of service of the summons that the defendant has not designated any person residing in the state upon whom process can be served.

ID.—DEFAULT JUDGMENT—POWER OF CLERK TO ENTER.—In such case the clerk of the court is without authority to enter a judgment by default against the corporation.

ID.—APPEAL—DENIAL OF MOTION TO DISMISS.—A motion to dismiss an appeal from such judgment, on the ground of failure to file a copy of the articles of incorporation and a designation of some person on whom to serve process, is properly denied.

ID.—FAILURE TO FILE ARTICLES OR DESIGNATE PERSON ON WHOM TO SERVE PROCESS.—The failure to file a copy of its articles of incorporation, as required by sections 408 and 409, renders a foreign corporation subject to the penalties imposed by the provisions of section 410, but the denial of the right of such corporation to defend an action, as provided in section 406, attaches only when it fails to designate an agent in the state upon whom service may be made,

and the duty of filing such designation arises only at the time of filing the copy of the articles of incorporation, which in this case was never filed.

APPEAL from a judgment by default of the Superior Court of Kern County.

The facts are stated in the opinion of the court.

H. G. Redwine, for Appellant.

S. Wyman Smith, for Respondent.

SHAW, J.—Defendant appeals from a judgment by default entered against it.

The verified complaint alleged that at all the times mentioned defendant was a corporation created under the laws of Idaho; that plaintiff was employed by defendant as general manager of its property, consisting of certain real estate therein described, situate in Kern County California; that plaintiff on the nineteenth day of February, 1911, entered upon his duties as such general manager and continued therein until October 1, 1912. Followed by allegations as to the salary agreed to be paid plaintiff by defendant, a demand therefor and nonpayment. While there is no direct allegation that defendant was doing business in this state, respondent contends that such inference necessarily follows from the allegation that defendant employed plaintiff as general manager of its real estate. It is not alleged that defendant failed to comply with the provisions of sections 408 and 409 of the Civil Code, whereby every corporation organized under the laws of another state and doing business in this state is required to file in the office of the secretary of state of the state of California a certified copy of its articles of incorporation, or that defendant had failed to designate a person upon whom service of process issued against it could be served. The record discloses that the sheriff of Sacramento County, to whom the summons was delivered for service, certified that he "personally served the same on the 23d day of December, 1912, on the defendant, the Idaho Hardwood Company, a foreign corporation doing business in the state of California, by delivering to and leaving with Frank H. Corey, chief

deputy for Frank C. Jordan, the secretary of the state of California, in the said county of Sacramento, a true copy of said summons, together with a copy of the complaint in said action referred to in said summons." He further certified that defendant had not designated any person residing in the state of California upon whom process could be served. At the expiration of thirty days from the date of this service, defendant's default was entered, followed on the same day by a judgment entered by the clerk of the court in accordance with the prayer of the complaint. The contention of respondent is that his complaint shows that defendant was a foreign corporation doing business in this state, and that the sheriff's return of service of summons shows that defendant had not designated any person in the state upon whom service of process issued against it could be made, and hence the service of the summons upon the secretary of state was sufficient, under sections 405 and 406 of the Civil Code, to give the court jurisdiction of defendant. Assuming that defendant neglected to comply with the provisions of sections 408 and 409, requiring it to file a certified copy of its articles of incorporation, the only penalty fixed therefor is found in section 410 of the Civil Code, under which it is subjected to a fine of not less than five hundred dollars, in addition to which penalty it is deprived of the right to *maintain* any suit or action in any of the courts of this state. Under the provisions of this section defendant, by reason of its failure to file the certified copy of its articles, could not invoke the aid of the courts of the state in *maintaining* an action, but there is nothing in the section prohibiting it, by reason of such failure, from defending an action when called into court to answer. (*American etc. Wireless* v. *Superior Court*, 153 Cal. 533, [126 Am. St. Rep. 125, 17 L. R. A.( N. S.) 1117, 96 Pac. 15].) Nor is there anything in section 405 of the Civil Code which, under the circumstances here shown, authorized the service of process issued against defendant upon the secretary of state. By that section, "every corporation other than those created by or under the laws of this state must, at the time of filing the certified copy of its articles of incorporation, file in the office of the secretary of state a designation of some person residing within the state upon whom process . . . may be served." Not until *"the time of filing* the certified copy"

was defendant required to make the designation, and, in the absence of proof that it had filed the certified copy, such time had not arrived and no duty devolved upon it to file such designation. "A statute of this state which purports to curtail the privilege of foreign corporations to maintain or defend actions in this state and to impose conditions upon compliance with which alone they may be permitted to do so, will not be construed to extend beyond the plain meaning of its terms considered in connection with its object and purposes." (*American etc. Wireless* v. *Superior Court,* 153 Cal. 533, [126 Am. St. Rep. 125, 17 L. R. A. (N. S.) 1117, 96 Pac. 15].) There are no allegations in the complaint of any facts which would authorize the service of summons upon the corporation by delivering it to the secretary of state; nor was there, as shown by the record, any competent proof of the existence of such facts offered at the trial.

As stated, the judgment was rendered, not by the court, but by the clerk. The contention of respondent is that, since the action was one arising upon contract for the recovery of money only, and no answer having been filed with the clerk within the time specified in the summons, it became the duty of the clerk to enter judgment for the amount demanded in the prayer of the complaint. (Code Civ. Proc., sec. 585, subd. 1.) In *Olender* v. *Crystalline Mining Co.,* 149 Cal. 482, [86 Pac. 1082], it is said that the sections herein quoted, consisting of a codification of the act of March 17, 1899, substituted the service upon the secretary of state for the service by publication formerly prescribed by the code in cases where the corporation had no agent in the state. This being true, under subdivision 3 of section 585 of the Code of Civil Procedure, it is made the duty of the court to examine the plaintiff under oath for the purpose of determining the amount which he is entitled to recover and render judgment therefor. Our conclusion is that no facts were alleged or established under which defendant could be brought into court by service of the process upon the secretary of state, and that, conceding the service to have been regular, as claimed by respondent, the clerk had no power to render the judgment.

Pursuant to notice, respondent at the time of the hearing of the appeal moved to dismiss the same upon the ground that defendant was not entitled to a hearing for "the reason that

it has not filed a certified copy of its articles of incorporation in the office of the secretary of state of the state of California, nor . . . filed in the office of the secretary of state of the state of California, a designation of some person residing in the state upon whom process should be served for and in behalf of the said corporation issued by authority of or under any law of this state.'' In support of his motion respondent presented the transcript on appeal and a certificate from the secretary of state to the effect that defendant had not, prior to August 20, 1913, filed a certified copy of its articles of incorporation in the office of secretary of state of California, nor designated any person residing in the state upon whom process against it could be served. As we have seen, the only penalty which attached to the failure to file the certified copy of its articles, as provided in section 410 of the Civil Code, was the imposition of a fine of five hundred dollars and the denial to it of the right to *maintain* an action; and since, under said section 405, defendant was not required to file its designation of a person upon whom process might be served other than *at the time of filing such copy,* there was no want of compliance with the duty imposed upon defendant by said section 405. Hence, the provisions of section 406 of the Civil Code, which deny to a foreign corporation doing business in this state the right to ''maintain or defend any action or proceeding in any court of this state until the corporation has complied with the provisions of the preceding section,'' have no application to the facts here shown. Failure to file the copy of its articles of incorporation, as required by sections 408 and 409, rendered it subject to the penalties imposed by the provisions of section 410, but the denial of the right of a foreign corporation to defend, as provided in section 406, attaches only when it fails to designate an agent in the state upon whom service may be made, and the duty of filing such designation arises only at the time of filing the copy of the articles of incorporation, which, as we have seen, in this case were never filed.

The motion to dismiss is therefore denied, and the judgment appealed from is reversed.

Conrey, P. J., and James, J., concurred.