## TAYLOR v. NAVIGAZIONE LIBERA TRIESTINA.

### No. 8582.

Circuit Court of Appeals, Ninth Circuit.

April 1, 1938.

George K. Ford and Fletcher A. Cutler, both of San Francisco, Cal., and David A. Fall, of San Pedro, Cal., for appellant.

Lillick, Olson, Levy & Geary and Theodore M. Levy, all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

GARRECHT, Circuit Judge.

This action was brought by the plaintiff, a longshoreman, appellant here, under the Longshoremen's and Harborworkers' Compensation Act §§ 1, 13, 33, 33 U.S.C.A. §§ 901, 913, 933, to recover damages for injuries sustained by him while working on and about a steamship owned by appellee.

The action was commenced July 1, 1935.

The second amended complaint alleged that defendant, appellee here, was a foreign corporation, organized and existing under the laws of the Kingdom of Italy;

that said defendant was residing therein and was a non-resident of the State of California, and until July 1, 1935, remained out of the State of California and did not have a legal existence in said State; "in that behalf plaintiff alleges that said defendant was transacting therein foreign and intrastate business"; that said defendant did not file a copy of its articles of incorporation, or a statement of the location of its principal office in California, or a designation of the name and address of a state agent for service of process, as provided by section 405 of the Civil Code of California, as amended by St.Cal.1933, p. 1416.

It was further alleged, "That at all of the times herein mentioned the defendants owned, managed, operated and controlled the Steamship 'Fella,' which said steamship was located at Berth 230 E. Terminal Island, Los Angeles Harbor, California, and at which said time plaintiff was in the employ of the Crescent Wharf and Warehouse Company, and which said employer was engaged under contract with defendants, in unloading baggage from said vessel * * *"; that on or about October 6, 1933, while plaintiff was so employed, and while in the performance of his duties on said steamship, he was injured by reason of the negligence of defendants.

The appellee's answer alleged, in effect, that:

The Navigazione Libera Triestina was at all times engaged in business consisting solely of foreign commerce in California, and had places of business and a general manager in said State, and to that extent was present and resident in California.

Said defendant did not at any time, either until July 1, 1935, or otherwise, remain out of California or not have a legal existence in said state. Said defendant did not transact intrastate business in California, but at all times was engaged in foreign commerce in the state.

The Navigazione Libera Triestina was not obligated by law to file a copy of its articles of incorporation, or a statement of the location of its principal office in the state, or a designation of the name and address of a state agent for service of process.

The plaintiff was not injured through the negligence of the defendants.

The plaintiff's cause of action is barred by laches and by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure, providing a one-year statute of limitations for the recovery of damages for personal injuries.

The cause having come on regularly for trial and a jury having been empaneled and sworn, the defendant thereupon moved the court for judgment on the pleadings upon the ground: " * * * that there was no tolling of the statute of limitations, that there was no prohibition against or prevention of the right of the defendant Navigazione Libera Triestina to plead, assert and establish the bar of the running of the statute of limitations, that there was no impediment to the commencement of suit and obtaining jurisdiction of the defendant Navigazione Libera Triestina and that the fact that 1 year, 8 months and 24 days elapsed between the time the plaintiff's cause of action accrued and the time the plaintiff's action was commenced, is a complete defense and bar to the plaintiff's cause of action by reason of the running of the statute of limitations as provided in subdivision 3 of section 340 of the Code of Civil Procedure of the State of California." The court, without rendering any opinion and without expressing any specific reasons, granted the motion and entered judgment for defendant, from which this appeal is prosecuted.

The errors assigned by appellant are all directed to the action of the court in granting the motion of defendant, and specifically in ruling that appellant's action was barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure of the State of California, and in holding that there was no tolling of the statute of limitations by reason of the allegations of the second amended complaint to the effect that said defendant, Navigazione Libera Triestina, was out of the state when the cause of action accrued against said defendant in favor of plaintiff, that said defendant was a nonresident of the State of California, and had no legal existence therein until the year 1935; that it did not have an agent or person resident within the state upon whom legal service of summons and complaint in said action could be made; that the defendant foreign corporation failed to comply with the provisions of section 405 of the Civil Code of the State of California, and did not, as provided by said section, file with the Secretary of State of the State of California a certified copy of its articles of incorporation, and did not file with said

Secretary of State, a statement setting forth the location of its principal office in the State of California; did not file a statement containing the name of some person, resident within the state, upon whom process directed to said corporation could be served, with his business or residence address; and that the court erred in finding that defendant was authorized to transact any business in the State of California.

The sections of the Code of Civil Procedure of California, relating to the limitations on the bringing of actions, so far as is pertinent to this appeal read as follows:

Section 335. "The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows."

Section 340. "Within one. year: * * 3. An action * * * for injury to or for the death of one caused by the wrongful act or neglect of another." * * *

However, appellant contends that this action was not barred by the statute of limitations because excepted therefrom by reason of the provisions of section 351 of the Code of Civil Procedure of California, which reads as follows: "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the term herein limited, after his return to the state, and if, after the cause of action accrues, he departs from the state, the time of his absence is not part of the time limited for the commencement of the action."

It is agreed that the cause of action sought to be litigated was governed by the one-year statute of limitations provided for by subdivision 3 of section 340 of the California Code of Civil Procedure.

The record shows that the action was not brought within one year and unless there are other facts alleged which are sufficient to avoid this limitation of the statute the judgment must be affirmed.

It is affirmatively alleged that the appellee was engaged in "intrastate" as well as "foreign" commerce. Appellee's answer denied it did any intrastate business but admitted it engaged in "foreign" commerce. The allegation as to intrastate commerce is relied upon to support the argument that the corporation not having complied with the statute in the particulars set forth, and which are required of corporations engaging in intrastate business, it must be held as a matter of law that appellee could acquire no residence, or have any legal existence in the state, and therefore it could not avail itself of the benefit of the statute of limitations.

The question involved is whether the allegations of the second amended complaint, which recite that the appellee corporation resided in Italy and was a nonresident of California and did not have a legal existence in said state, overcame the legal effect of the further specific allegation therein that the appellee was at all times "transacting foreign and intrastate business" in California, and "owned, managed, operated and controlled the steamship 'Fella,' which said steamship was located * * * at Los Angeles Harbor, California."

This case as presented by the pleadings resolves itself to this: The plaintiff alleges that defendant during all of the times mentioned was doing business in the State of California, both in foreign and intrastate commerce; that it had not complied with the law so as to enable it to carry on intrastate business. It is insisted that as a result of the failure to comply with the statute the defendant cannot plead the statute of limitations. This is not the law.

Section 405 of the Civil Code of the State of California, as amended by St. Cal.1933, p. 1416, provides:

"No foreign corporation shall transact intrastate business in this State until it has filed with the Secretary of State a copy of its articles duly certified by. the Secretary of State or other official of the government under the laws of which it was created, together with a verified translation into English if the original be written in a foreign language, nor until it has also filed with the Secretary of State a statement setting forth: (1) The location and address of its principal office; (2) The location and address of its principal office within this State; (3) The name of some person residing within the State upon whom process directed to such corporation may be served, and his complete business or residence address, which must be in the county in which the principal office of the corporation in this State is to be located; (4) Its irrevocable consent to such service, and to service of process on the Secretary of State, if the agent so designated or his successor be no longer authorized to

act or can not be found at the address given.

"A copy of such articles, and any translation thereof, duly certified by the Secretary of State of this State, must be filed with the county clerk of the county in this State in which the principal office of the corporation is located, and with the county clerk of any other county in this State in which the corporation owns real property."

The statute merely provides that, "No foreign corporation shall transact intrastate business in this State," until it has filed articles of incorporation, designated an agent, and done other things which appellant alleges appellee failed to do. It does not prohibit such corporation from doing foreign business in the state. If the corporation transacts "intrastate business in this State," without complying with the statute it incurs certain penalties set forth in the law, but forfeiture of the right to plead the statute of limitations was not imposed. During all of the time mentioned in the second amended complaint, and since, the statutes of California have imposed no restriction upon the right of a foreign corporation, such as the appellee, to plead the statute of limitations in any action brought against it.

All parties agree that the corporation was actually engaged in foreign commerce within the state during the time mentioned in the complaint. It could lawfully do this without complying with the requirements which the statute provides for corporations doing intrastate business. With respect to matters growing out of such business it has all the ordinary rights of litigants, including the right to rely upon the statute of limitations, that right not having been denied by law. 6-A Cal. Jur. § 957, pp. 1588, 1589, and § 958, p. 1592.

Appellant has called our attention to some decisions which apparently hold the contrary but the general rule is that: "The mere failure of a foreign corporation to comply with the statutory requirement imposed as a condition of doing business does not preclude it when sued from pleading the statute of limitations when such statute would otherwise be a defense." 12 R.C.L. § 71, p. 94.

Appellant does not rely upon the contention that appellee having engaged in business without having complied with section 405 of the Civil Code of California was thereby precluded from pleading the statute of limitations; but seeks to make use of that fact as a basis for a further objection to the ruling of the court. In his opening brief appellant says: "It must be conceded for the purposes of the motion that the defendant, Navigazione Libera Triestina, did not comply with the requirements of section 405 of the Civil Code, and while it may be conceded that a non-compliance did not, of itself, prohibit the foreign corporation from pleading the statute of limitations, it must be considered in determining whether or not the foreign corporation was within this state."

We now examine the contention of appellant that the allegations of the second amended complaint to the effect that appellee was a nonresident of the State of California and did not have a legal existence therein were sufficient, regardless of contradictory admissions, to preclude a favorable ruling on the motion for a judgment on the pleadings.

As indicated, appellant's pleadings are self-contradictory. In the original complaint, which is part of the record on appeal herein, appellant alleged "that at all the times herein mentioned, the defendant, Navigazione Libera Triestina, was and now is, a foreign corporation, doing business in the State of California." There was in that pleading no claim or reference to any failure on the part of the corporation to comply with the law in relation to corporations doing business in the State of California. In the second amended complaint, it is alleged that during all the times mentioned the defendant was transacting foreign and intrastate business in the state, while in the same paragraph, it is also alleged that defendant was a nonresident of, and had no legal existence in, the state, based on the further allegations contained therein of the failure to comply with the statute as to requirements for doing intrastate business, heretofore in this opinion fully set out.

These allegations taken together informed the court that during all the times mentioned appellee was doing intrastate business without complying with the state statutes in that regard; also that it was transacting business in foreign commerce which it was not prohibited from doing and in which it was actually engaged when the injury complained of was suffered by appellant.

"Nonresidence" or lack of "legal existence" in a state, based upon noncompliance with the statute applicable to foreign corporations doing intrastate business in the state, do not support the conclusion and are not equivalent to an allegation that the appellee was "out of the State" within the meaning of the statute of limitations and do not obviate and nullify the admissions of the pleadings that at all times appellee was actually transacting business in the state.

A foreign corporation failing to comply with the statute may be conducting intrastate business illegally but if at the same time it is transacting foreign business it is still within the state for purposes of suit.

"A foreign corporation cannot do business here without subjecting itself to the jurisdiction of our courts, but it is not a necessary corollary that it is entitled to claim a 'residence' here. It cannot escape the consequences of an illegal act done by its agents, within the scope of the authority it has conferred upon them, by setting up an existence under a foreign government. * * * It is liable to be. sued here to the same extent as an individual or company incorporated under the laws of this state. * * * It may be sued here, not because it resides here, but because it has chosen to do business here by its agents." Thomas v. Placerville G. Q. M. Co., 65 Cal. 600, 4 P. 641, 642.

"The doing of business which renders a corporation amenable to service is not the same as that which subjects it to the requirement of filing articles and consenting to service and designating an agent. * * * It is not immune from service because it has failed to comply with the statutes for admission." 6-A Cal.Jur. 1603, § 967.

The allegations of the second amended complaint negative any contention that appellee was out of the state. The fact that it had not appointed an agent upon whom service could be made is not controlling here. The California statute provides that service on a foreign corporation doing business in the state can be made by service on the Secretary of State. Civil Code of California, § 406a, as amended by St.Cal.1933, p. 1418. The plaintiff was in no way hindered in instituting its action. As a result there was no tolling of the statute of limitations and plaintiff having failed to bring his action in time

the lower court was right in granting the motion to dismiss.

Affirmed.