[Civ. No. 19064. Second Dist., Div. One. Oct. 14, 1952.]

CENTRAL MANUFACTURERS MUTUAL INSURANCE COMPANY et al., Appellants, v. DON TORREYSON et al., Respondents.

Elbert E. Hensley and Allan M. Carson for Appellants.

M. Arthur Waite for Respondents.

DORAN, J.—The action herein, one to recover damages caused by fire alleged to be due to defendants' negligence, was dismissed by the trial court on the ground that appellants had failed to prosecute the same with reasonable diligence. Plaintiffs have appealed from the judgment of dismissal.

Plaintiffs and appellants, as subrogees under policies of fire insurance, filed the action in question on July 6, 1948. The summons was delivered to the sheriff of Ventura County for service on July 8, 1948, and on July 10, 1948, the civil deputy sheriff, having learned that the respondent Torreyson had left Ventura County, returned the summons to appellants' attorney. An examination of the grand register in the county clerk's office and the post office records together with other investigation, failed to disclose the defendant's whereabouts.

Respondent's motion to dismiss on the ground of failure to prosecute the action with reasonable diligence, was filed December 12, 1951, argued on January 14, 1952, and the action ordered dismissed on January 15, 1952. An affidavit in opposition to the motion was filed by appellants' attorney, and avers that the attorney conducted an investigation to discover respondent's whereabouts through the Department of Motor Vehicles, and other sources, but was unable to locate respondent until 1951. The summons was again placed in a deputy sheriff's hands for service on July 10, 1951, but the officer was unable to serve same until December 2, 1951. As before noted, the motion in question was thereafter filed.

The affidavit of appellants' attorney recites that affiant was "informed that the defendant was outside the continental limits of the United States and in Arabia with the Bechtel International Corporation for a year and a half from April, 1948 until October, 1949, when he returned to Ventura. That since that time the defendant has been outside the territorial limits . . ., working in the Channel Islands approximately 25 miles off the coast of California for a considerable portion of the time from December, 1949 to December, 1951."

Officer Cummings who finally served the summons on respondent, made affidavit that between July 10 and December 2, 1951, "affiant called at the residence of said defendant many times, at all hours and days of the week, and at some

periods as many as three and four times a week''; that affiant was informed by respondent's wife that Don Torreyson ''was working in the Channel Islands . . . and that he came home to Ventura on occasional days off work; that affiant left many messages for the defendant to call him when he was in Ventura, but that the defendant failed and refused to do so, although affiant would later learn that the defendant had been in town. That on several occasions when affiant knocked on the door . . . he would hear voices inside the house, but they refused to answer the door, and affiant believes that said defendant was within the house and concealing himself to avoid service of summons.''

Much of the matter contained in the above affidavits is confirmed by the respondent's affidavit made in support of the motion to dismiss. Torreyson therein admits that in April, 1948, affiant ''accepted a position as ditch machine operator . . . in Arabia, and your affiant resided in Arabia from the latter part of April, 1948 until he returned to California October 15, 1949. That your affiant resided with his mother from October 15, 1949, in Lakeside Park, near Canoga Park, County of Los Angeles . . . until December 26, 1949,'' then ''resided in the building to the rear of 60 South Santa Rosa Street, Ventura, California, until the month of June, 1950,'' and since then resided at 590 So. Arcade Dr., Ventura. Respondent's affidavit says nothing about working in the Channel Islands, but affirms that affiant ''has continuously resided in the County of Ventura . . . since December 26, 1949 except when his work required him to be away from *hom* for a few days at a time,'' and denies that affiant had ''at any time concealed his whereabouts or evaded service of summons.''

''The question upon this appeal,'' states appellants' brief, ''is whether, under the circumstances presented, the trial court abused its discretion in dismissing the action.'' In this connection is cited section 583 of the Code of Civil Procedure, reading as follows: ''The court may in its discretion dismiss any action for want of prosecution on motion of the defendant . . . whenever plaintiff has failed for two years after action is filed to bring such action to trial, *except where it be shown that defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff, upon due diligence, in which event said period of absence or concealment shall not be a part of said two-year period.*'' (Appellants' italics.)

The time situation is thus summed up in appellants' brief:

| | | | |
|---|---|---|---|
| Total time from filing action to service | 3 yrs. | 4 mos. | 26 days |
| Respondent's absence from state | 1 yr. | 3 mos. | 9 days |
| Remaining period | 2 yrs. | 1 mo. | 17 days |
| Time respondent was at mother's home in Los Angeles County after return from Arabia | | 2 mo. | 11 days |
| Remaining period | 1 yr. | 10 mos. | 6 days |
| Time expended by sheriff to locate respondent | | 4 mos. | 22 days |
| Remaining period: | 1 yr. | 5 mos. | 14 days |

Since by the express language of the code provision, respondent's absence in Arabia must be deducted from the total time, the remaining period is only 1 month and 17 days in excess of the two-year period. As appellants point out, in regard to this deduction of time the trial court possesses no discretion, for section 583 is explicit that the discretion mentioned in the early part of the section applies "*except* where it is shown that defendant has been absent from the state or concealed therein." (Italics added.)

It is also to be noted that the remaining time in excess of the two-year period is hardly enough to indicate in itself any lack of diligence on appellants' part. Moreover, there is nothing to indicate that appellants had any knowledge of the exact date of respondent's return. Furthermore, upon such return, Torreyson resided not in Ventura County but "with his mother from October 15, 1949 in Lakeside Park, near Canoga Park, County of Los Angeles . . . until December 26, 1949," a fact which appellants would be unlikely to know. The four months and 22 days which the sheriff consumed in locating the respondent must be considered an exercise of diligence rather a shortcoming chargeable to appellants.

It is obvious that section 583 of the Code of Civil Procedure was not meant to require a plaintiff to do the impossible. Nor was it intended to place a premium upon the activities of a defendant who seeks to avoid service of summons until more than a two-year period has elapsed. Rather, the provision was intended to afford relief in those cases where, with no good

reason and with no display of reasonable diligence, a plaintiff has permitted an action to drag along for what in the particular case amounts to unconscionable delay. The record herein does not indicate such a situation.

During most of the period involved herein the respondent, intentionally or unintentionally, had remained out of circulation, so to speak, insofar as the service of summons is concerned. It is not enough to assert that by employing unusual means, the appellant might have located the respondent during his comparatively brief stay in Ventura County. Appellant was only required to use reasonable diligence and the record would seem to show that such diligence was used in the instant case.

According to appellants' breakdown of the period involved, and after deducting respondent's absence in Arabia, there remains only one month and 17 days over the two-year period on which respondents rely. Torreyson's residence in Los Angeles County after returning from Arabia, presumably without appellants' knowledge, and the time expended by the sheriff's office in locating and serving respondent, bring the time well below the two-year period. The fact that respondent was thereafter working in the Channel Islands, returning home periodically, added further difficulties to the situation. All of these difficulties were created, not by appellants but by the respondent, and the fact that the sheriff's office required more than four months to reach the respondent indicates that the job was not an easy one.

Considering the entire record and the situation with which appellants were confronted, it cannot be said that there was such a lack of diligence as should entitle respondent to a dismissal. The trial court's action, therefore, was not justified, either under discretionary power or otherwise.

The judgment is reversed.

White, P. J., and Drapeau, J., concurred.