[Civ. No. 25028. First Dist., Div. One. Sept. 2, 1969.]

JOHN RAYNOLDS et al., Plaintiffs and Appellants, v. VOLKSWAGENWERK AKTIENGESELLSCHAFT, Defendant and Respondent.

---

*Assigned by the Chairman of the Judicial Council.

998

Partridge, O'Connell & Partridge and Gilbert B. Kirwin for Plaintiffs and Appellants.

Pillsbury, Madison & Sutro, Francis N. Marshall, Anthony P. Brown and William M. Lukens for Defendant and Respondent.

MOLINARI, P. J.—Plaintiffs appeal from an order granting defendant's motion to dismiss for failure to bring the action to trial within two years after the complaint was filed

(Code Civ. Proc., § 583),[1] and from a judgment entered after the sustaining of a demurrer without leave to amend.

## Statement of the Case

In 1956 John Raynolds and Carl Voss were partners franchised to sell and service Volkswagen vehicles manufactured by defendant. On or about May 7, 1956, one Nicholas Bagileo, who was a passenger in a Volkswagen automobile which Raynolds and Voss had sold to Bagileo's employer, was seriously injured when the automobile was struck in the rear by another automobile. Bagileo brought suit against Raynolds, Voss and defendant.[2] During the course of the trial in the Bagileo action, Raynolds and Voss entered into an agreement whereby, in consideration of the payment of $15,000, Bagileo covenanted not to levy execution against them in the event he obtained a judgment against them. This agreement also provided that Raynolds and Voss would remain in the trial of the case until its conclusion. Thereafter, in November 1961, the jury in the Bagileo case returned a verdict in favor of all defendants.

On October 31, 1963, Voss having died, Esther A. Voss, the executrix of his will, and Raynolds (hereinafter referred to as plaintiffs) filed this action seeking to recover the $15,000 paid to Bagileo plus $15,624.23 for attorneys' fees, interest and other costs of the defense of the Bagileo action.[3] On March 30, 1966, over two years from the time of the original filing of the complaint, plaintiffs obtained an order allowing service of process on defendant by personal delivery to the Secretary of State or to an assistant or deputy Secretary of State. Actual service of process was made either on March 31, 1966 or April 4, 1966.[4] On June 22, 1966, defendant noticed a motion for dismissal of the complaint for failure to prosecute pursuant to the provisions of section 583. On the same date defendant filed a demurrer on the ground that the complaint did not state a cause of action against defendant. An order dismissing the

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

[2]Raynolds and Voss tendered the defense to the Bagileo action to defendant and the tender was rejected.

[3]Reynolds C. Johnson Company, distributor of Volkswagen automobiles, was also joined as a defendant but was subsequently dismissed following the sustaining of a demurrer without leave to amend. No appeal has been taken from the judgment based on this order.

[4]Plaintiffs state that service was made on March 31, 1966, and defendants alleged that it was made on April 4, 1966.

action for lack of prosecution was entered on December 2, 1966, as was an order sustaining the demurrer without leave to amend. Judgment of dismissal was entered December 12, 1966.

### The Order of Dismissal

Plaintiffs contend that the trial court abused its discretion in dismissing the case for lack of prosecution pursuant to the provisions of section 583. We conclude that the order was proper.

██ It is established that under section 583 dismissal of an action is within the discretion of the trial court when, as in the instant case, more than two but less than five years have elapsed between the time the complaint was filed and the time the plaintiff brought it to trial.[5] The proper exercise of discretion under this section has quite recently been defined and delineated by the courts of this state. In *Black Bros. Co.* v. *Superior Court*, 265 Cal.App.2d 501, 506-507, 510 [71 Cal. Rptr. 344] (hearing den.), the court analyzed the applicable California cases and concluded that in the absence of a valid excuse for the plaintiff's failure to bring the action to trial, the trial court abused its discretion in denying the defendant's motion to dismiss the action. In *Market-Front Co.* v. *Superior Court*, 271 Cal.App.2d 505 [76 Cal.Rptr. 526], the court, reiterating the rule of *Black,* states: "Even though a motion to dismiss for lack of prosecution is made within the discretionary (two to five years), period, it must be granted unless opposed by an adequate showing of diligence or excuse for delay. Absent such showing, counsel cannot remain idle and hope for a grant of leniency which is beyond the court's power." (P. 507; see also *Breckenridge* v. *Mason,* 256 Cal.App.2d 121, 127 [64 Cal.Rptr. 201].)

██ Applying this rule to the present case we initially observe that because the action was not brought to trial by plaintiffs for over two years, the trial court was required to dismiss on motion of defendant in the absence of a showing of diligence or excuse. However, at the hearing on the motion before the trial court plaintiffs maintained that they were excused from the requirements of section 583 because defendant was "absent" during the two-year period in question.

---

[5]Section 583 provides, in relevant part, that "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial, . . ."

Section 583 makes an exception to the requirement "where it be shown that defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be part of said two-year period." Plaintiffs claim that defendant has been "absent" since the filing of the complaint because defendant failed to file a designation of an agent for service of process with the Secretary of State, failed to obtain a certificate of qualification pursuant to the provisions of Corporations Code section 6403[6] and failed to have an attorney of record in this action prior to the filing of the demurrer. Plaintiffs particularly rely on *Central Mfrs. Mut. Ins. Co.* v. *Torreyson,* 113 Cal.App.2d 634 [248 P.2d 940], which interprets the exception to section 583 set out above. In *Torreyson* the court held that the trial court was required to deduct the time that the defendant, an individual, was absent from the state.

Plaintiffs' reliance on the exception to section 583 is misplaced. They concede that defendant was doing business in the state during the disputed time period and also admit that defendant was amenable to substituted service and accepted such service of process when it was made on the Secretary of State. ■ It is well established that if a foreign corporation is actually doing business in California it is amenable to service in California, and that such service is effected in the manner provided by sections 6500 to 6504 inclusive, of the Corporations Code (§ 411, subd. 2; *H. Liebes & Co.* v. *Erica Shoes, Inc.,* 237 Cal.App.2d 25, 27-28 [46 Cal.Rptr. 470]; *Harry Gill Co.* v. *Superior Court,* 238 Cal.App.2d 666, 667 [48 Cal. Rptr. 93]); and that such amenability to service is not dependent upon registration to do business pursuant to California law. (*Loope* v. *Greyhound Lines Inc.,* 114 Cal.App.2d 611, 614 [250 P.2d 651]; *Steiner* v. *20th Century-Fox Film Corporation,* 232 F.2d 190, 198; *Taylor* v. *Navigazione Libera Triestina,* 95 F.2d 907, 910; *Kesler* v. *Schetky Equipment Corp.,* 200 F.Supp. 678, 679.) No authority is cited or found which supports plaintiffs' basic proposition that the failure of a corporation to obtain a certificate of qualification pursuant to

[6]Basically Corporations Code section 6403 provides that a foreign corporation "shall not transact intrastate business in this State without having first obtained from the Secretary of State a certificate of qualification."

Corporations Code section 6403 means that the corporation was therefore "absent" from the jurisdiction. It has been held, however, that section 351, which suspends the statute of limitations while a defendant is absent from the state, does not apply to a foreign corporation doing business within the state when personal service can be made on the corporation through the Secretary of State. (*Loope* v. *Greyhound Lines, Inc., supra,* 114 Cal.App.2d 611, 614 [250 P.2d 651]; *Steiner* v. *20th Century-Fox Film Corp., supra,* 232 F.2d 190, 198; *Taylor* v. *Navigazione Libera Triestina, supra,* 95 F.2d 907, 910, 911; see also *Coates Capitol Corp.* v. *Superior Court,* 251 Cal.App.2d 125, 129 [59 Cal.Rptr. 231].) In *Loope, supra,* although it was not clear to the reviewing court whether the subject corporation was domestic or foreign, the court reasoned that if it was a foreign corporation, it could not be absent since it was subject to service, if it was doing business in this state, under the provisions of Corporations Code section 6501.[7]

In the light of the foregoing, and upon analogy, we conclude with respect to the instant case that if defendant was at all times amenable to service of process, as plaintiffs concede, it could not be absent from the state so as to bring into operation the exception to the rule of section 583. If plaintiffs could obtain service of process by service on the Secretary of State in 1966, they clearly could have done so before the expiration of the two-year period following the filing of the complaint. Plaintiffs have failed to show diligence or excuse. Accordingly, the trial court properly exercised its discretion in granting the motion to dismiss for failure to prosecute and that discretion will not be disturbed on appeal. (See *Abner Corp., Inc.* v. *Lushing,* 212 Cal.App.2d 597, 605 [28 Cal.Rptr. 207].)

Plaintiffs argue that the "clean hands" doctrine should bar defendant from asking the court to dismiss the action, basing this argument on the fact that defendant did not qualify under Corporations Code section 6403 although conducting substantial business in the state. This section provides that a foreign corporation shall not transact *intrastate* busi-

---

[7]Corporations Code section 6501 provides in part that where no agent has been designated and no corporation officers can be found after diligent search and such is shown to the satisfaction of the court, service may be made by personal delivery to the Secretary of State, his assistant or deputy. This is precisely the procedure followed by plaintiffs in March 1966.

ness in this state without first obtaining a certificate of qualification from the Secretary of State. The failure to obtain such a certificate subjects the foreign corporation to certain prescribed penalties. (See Corp. Code, §§ 6408, 6801.) Initially, we note that there is nothing in the record to indicate that defendant was engaged in intrastate commerce. Corporations Code section 6203 provides that " 'Transact intrastate business' means entering into repeated and successive transactions of its business in this State, *other than interstate or foreign commerce.*" (Italics added.) In *Carl F. W. Borgward, G.M.B.H.* v. *Superior Court,* 51 Cal.2d 72, 75-77 [330 P.2d 789], it was held that "transacting intrastate business" within the meaning of Corporations Code section 6203 has a narrower meaning than the words "doing business in this State" in section 411, subdivision 2, authorizing service of summons in this state upon a foreign corporation. (See also *Thorner* v. *Selective Cam Transmission Co.,* 180 Cal.App.2d 89, 91 [4 Cal.Rptr. 409].) Accordingly, a foreign corporation engaged in interstate commerce can do business in this state so as to make it amenable to service under section 411, yet the extent of its contacts with the state may not amount to the transaction of intrastate business so as to make it subject to Corporations Code section 6403. Moreover, the burden of proving that defendant was engaged in the "transaction of intrastate business" was on plaintiffs and they have not met that burden. (See *Thorner* v. *Selective Cam Transmission Co., supra*; *Detsch & Co.* v. *Calbar, Inc.,* 228 Cal.App.2d 556, 565 [39 Cal.Rptr. 626]; *W. W. Kimball Co.* v. *Read,* 43 Cal.App. 342, 346 [185 P. 192].)

Assuming arguendo, that defendant was engaged in the "transaction of intrastate business," the "clean hands" concept would not apply here. The failure to comply with Corporations Code section 6403 subjects a foreign corporation to certain specific penalties such as monetary penalties (Corp. Code, § 6408), consent to jurisdiction (Corp. Code, § 6408), and the disability to maintain an action upon intrastate business (Corp. Code, § 6801), but such failure does not preclude a corporation from defending actions. (*American etc. Wireless* v. *Superior Court,* 153 Cal. 533, 536 [96 P. 15]; *Winston* v. *Idaho Hardwood Co.,* 23 Cal.App. 211, 213 [137 P. 601].) In *Taylor* v. *Navigazione Libera Triestina, supra,* 95 F.2d 907, 910, it was pointed out that if a foreign corporation fails to qualify for the transaction of intrastate business under Cali-

fornia statutory law, such failure does not impose a forfeiture of the right to plead the statute of limitations. Upon analogy it can be said that the forfeiture of the right to the benefits of section 583 is not imposed on a corporation failing to comply with Corporations Code section 6403.

### The Demurrer

Plaintiffs' claim for damages as alleged in their amended complaint is essentially based on the theory that defendant should indemnify plaintiffs for the $15,000 paid to Bagileo and for approximately the same amount in attorney's fees and other costs of the defense of the Bagileo action. The demurrer to this complaint, which was sustained without leave to amend, was based on the ground that it did not state a cause of action.

Plaintiffs contend that a cause of action is stated because a retailer has a right of indemnity from a manufacturer in an action by a third party against the retailer, based on an alleged defect in the manufactured article, when the retailer, following a refusal of the manufacturer to defend the action, defends and settles the case even though the charge of the alleged defect is subsequently proved to be groundless.[8] In their opening brief and in their argument below plaintiffs' claim is largely based on the claim of indemnity. In their closing brief plaintiffs suggest that there is a great distinction between the duty to defend and the duty to indemnify and urge that the breach of the duty to defend is itself a basis of recovery irrespective of the judgment which is eventually rendered. The thrust of this argument appears to be that defense costs should be paid by the manufacturer because the latter is in a superior economic position. It appears to us that this point is raised for the first time in the reply brief and therefore need not be considered by us in the absence of a good reason for the failure to raise it before. (See *Travelers Indem. Co.* v. *Colonial Ins. Co.*, 242 Cal.App.2d 227, 242-243 [51 Cal.Rptr. 724].) However, we shall consider the point on the basis that it may be argued that this point was implicit in the argument made by plaintiffs in their opening brief in view of the discussion therein of the rule announced in *Safeway*

---

[8]Plaintiffs cite *Vandermark* v. *Ford Motor Co.*, 61 Cal.2d 256 [37 Cal. Rptr. 896, 391 P.2d 168], as authority for the principle that both a retailer and manufacturer are strictly liable in tort for personal injuries sustained by a third party. We do note, however, that the Bagileo action was tried as against both plaintiffs and defendant on the theory of negligence.

*Stores, Inc.* v. *Massachusetts Bonding & Ins. Co.,* 202 Cal. App.2d 99, 117 [20 Cal.Rptr. 820], and *Pacific Tel. & Tel. Co.* v. *Pacific Gas & Elec. Co.,* 170 Cal.App.2d 387, 392 [388 P.2d 984], upon which plaintiffs rely.

The rule espoused by *Safeway* and *Pacific Tel. & Tel.* is to the effect that "when there is a refusal of the indemnitor to defend actions against the indemnitee by third parties, the indemnitee may take charge of the defense of such actions itself and make settlements of them in good faith." (*Safeway Stores, Inc.* v. *Massachusetts Bonding & Ins. Co., supra,* 202 Cal.App.2d 99, 117 [20 Cal.Rptr. 820] ; see Civ. Code, § 2778, subd. 4.) These cases, however, involved express agreements to indemnify in situations where the indemnitees had settled in good faith. In the instant case plaintiffs concede that there was no express indemnity agreement between the parties. The other case relied upon by plaintiffs, and cited for the first time in their closing brief, is *Gray* v. *Zurich Insurance Co.,* 65 Cal.2d 263 [54 Cal.Rptr. 104]. That case involved the interpretation of an insurance policy and holds that when an insurance company wrongfully refuses to defend when it is obligated to do so under the policy, the refusal to defend is a basis for recovery whether or not a judgment is rendered against the insured. (Pp. 278-280.)

Of course we recognize that implied indemnity founded either on contractual or equitable considerations is a well-established principle of California law. (*Cahill Bros., Inc.* v. *Clementina Co.,* 208 Cal.App.2d 367, 376 [25 Cal.Rptr. 301] and cases there analyzed; *Aerojet General Corp.* v. *D. Zelinsky & Sons,* 249 Cal.App.2d 604, 607 [57 Cal.Rptr. 701] ; *San Francisco Examiner Division* v. *Sweat,* 248 Cal.App.2d 493, 497 [56 Cal.Rptr. 711] ; see Molinari, *Tort Indemnity in California,* 8 Santa Clara Law, 159, 160.) However, it is equally clear that the right of implied indemnification exists only in cases "where each of two persons is made responsible by law to an injured party . . . ." (*Cahill Bros., Inc.* v. *Clementina Co., supra,* 208 Cal.App.2d 367, 376 [25 Cal.Rptr. 301].) Here neither party was made responsible by law to the injured individual. To the contrary, it is conceded that the Bagileo judgment was in favor of all parties to the instant action.[9]

---

[9]Plaintiffs also rely on section 93 of the Restatement of Law, Restitution: "Where a person has supplied to another a chattel which because of the supplier's negligence or other fault is dangerously defective for the use for which it is supplied *and both have become liable in tort* to a third person injured by such use, the supplier is under a duty to in-

In the light of the principles applicable to implied indemnity the right of indemnification did not come into existence until both plaintiffs and defendant were held liable to Bagileo, and then only in the absence of participation by plaintiffs in some manner in the conduct or omission which caused the injury beyond the mere failure to perform the duty imposed upon them by law. (*Cahill Bros., Inc.* v. *Clementina Co., supra,* 208 Cal.App.2d 367, 381 [25 Cal.Rptr. 301]; *Alisal Sanitary Dist.* v. *Kennedy,* 180 Cal.App.2d 69, 79 [4 Cal.Rptr. 379]; *San Francisco Unified School Dist.* v. *California Bldg. etc. Co.,* 162 Cal.App.2d 434, 445 [328 P.2d 785].) Accordingly, until these contingencies occurred plaintiffs could not presume to require that defendant undertake their defense. In the event that they were entitled to implied indemnity they would then be entitled to be reimbursed for their expenses incurred in defending the action as well as for any judgment imposed upon them in the action which they would have been required to satisfy. This sum, of course, would include any sum paid in settlement in exchange for a covenant not to execute upon any judgment obtained. In the absence of the factors which give rise to implied indemnity, plaintiffs, in settling Bagileo's claim against them, were merely acting on their own behalf in the spirit of compromise and as an effort to obtain peace rather than admitting the validity of his claim.

The order of dismissal and the judgment of dismissal are affirmed.

Sims, J., and Elkington, J., concurred.

---

demnify the other for expenditures properly made in discharge of the claim of the third person, if the other used or disposed of the chattel in reliance upon the supplier's care and if, as between the two, such reliance was justifiable.'' (Italics added.) It should be noted that the comment to this section states that ''The rule applies only where both the supplier and the other are liable in tort to the injured person.''