[Civ. No. 11102. Fourth Dist., Div. One. May 12, 1972.]

MABIE & MINTZ et al., Cross-complainants and Respondents, v. B & E INSTALLERS, Cross-defendant and Appellant.

492

## COUNSEL

McInnis, Fitzgerald, Rees & Sharkey and William T. Fitzgerald for Cross-defendant and Appellant.

Gray, Cary, Ames & Frye, Rudi M. Brewster, Gibson & Kennerson and Paul R. Kennerson for Cross-complainants and Respondents.

## OPINION

**BROWN (Gerald), P. J.**—Cross-defendant B & E Installers, a partnership, appeals judgments on two cross-complaints awarding defendants and cross-complainants, Mabie & Mintz and San Diego Glass & Paint, damages, costs, and attorneys' fees, as indemnity for settlements both firms made with personal injury plaintiff Robert L. Farmer, a partner in B & E Installers.

Farmer agreed to install windows and sliding doors in the Carousel Apartments for San Diego Glass & Paint. He was to work with the general contractor, Mabie & Mintz, whose superintendent directed the installations. Banner Construction Company did the framing work which included a shadow, or privacy wall, between each apartment.

While nailing in the windows, Farmer would lean out of the building, put his left foot around a stud on the building's perimeter, his right foot on the shadow wall, his left hand on the window and nail with his right hand. After he finished nailing, he would take hold of the center stud as a counter-balance. On the day of the accident, the stud came out in his hand; he lost his balance and, carrying the stud, fell backward three stories to the ground, and was injured.

Farmer and his partner, both together and separately, installed the windows. They were equal partners in B & E Installers and split any profits equally. Farmer drew no wages. He did not use a safety belt, and the only place he could have attached a safety belt at the time of the accident was to the stud that fell with him.

Farmer sued Mabie & Mintz and Banner Construction Company, alleging their negligence. He did not sue San Diego Glass & Paint, but Mabie & Mintz cross-complained against San Diego Glass & Paint for indemnification.

Mabie & Mintz and San Diego Glass & Paint separately cross-complained against B & E Installers for indemnification. Before trial Mabie & Mintz and San Diego Glass & Paint settled with Farmer. The main action, with Paul Bastion, dba Banner Construction, as defendant, was tried before a jury; later the remaining issues on the indemnity cross-complaints were tried by the court.

The court instructed the jury in the main personal injury action on nailing requirements from the San Diego Municipal Code, on safety belt and lifeline requirements from the Labor Code, and if a party violated either section and the violation was a legal cause of injury to himself, such violation was negligence unless the party proved he did what reasonably might be expected of a person of ordinary prudence acting under similar circumstances who desired to comply with the law. The jury awarded Farmer $108,224.40 damages.

Separate findings were made in the two cross-complaints now on appeal. In the Mabie & Mintz cross-complaint, the court found B & E Installers was actively negligent in installing the window and in supervising Farmer, and Mabie & Mintz was not negligent in its general contractor's duties of directing, scheduling and supervising the subcontractors and employers on the job. Also Mabie & Mintz had not breached its duty to provide Farmer a reasonably safe place to work, and it had reasonably settled Farmer's claim.

Essentially the same findings were made on San Diego Glass & Paint's cross-complaint, with the additions Farmer was negligent in causing his injuries, and San Diego Glass & Paint was not negligent.

The court concluded both cross-complainants were entitled to indemnification from B & E Installers because of (1) equitable considerations; and (2) B & E Installers' active negligence as against cross-complainants' passive negligence, at most. The court also concluded that Labor Code section 3864, which prohibits indemnity recovery by a third person against the employer of the injured person without an express indemnification agreement in an action under the workmen's compensation chapter, was inapplicable because Farmer was a partner and not an employer of himself.

Banner's motion for a new trial in the jury trial raised the sufficiency of the evidence to sustain the implied finding Farmer was not guilty of con-

tributory negligence, and was denied. Thus Farmer was allowed recovery against Banner, reduced by the amount he received by settlement from Mabie & Mintz and San Diego Glass & Paint. His partnership had to indemnify Mabie & Mintz and San Diego Glass & Paint the amount of the settlements he received from them, plus costs and attorneys' fees.

B & E Installers contends the jury's verdict and the court's findings are inconsistent, in that Farmer was found not negligent and entitled to recovery against Banner in the jury trial, while, in the court trial, B & E Installers was found negligent, and liable for indemnification. They argue Farmer was necessarily negligent if the partnership was negligent because he is part of the partnership.

Several factors involving this litigation bear emphasis. The only parties to the personal injury phase of trial were Farmer, as an individual, and Paul Bastion dba Banner Construction Company. San Diego Glass & Paint was not a named party to the personal injury action and settled with Farmer without being joined as a party. Mabie & Mintz were parties to the personal injury action but settled with Farmer, taking a dismissal without prejudice from him. B & E Installers, Farmer's partnership, was not a party to the personal injury trial.

The only party involved in both the personal injury phase of the trial and the trial of the indemnity actions was Paul Bastion dba Banner Construction Company. The judgment involved in this appeal also awarded indemnity as against Paul Bastion dba Banner Construction Company. Bastion has not appealed.

We have emphasized the positions of the various parties in the two trial phases because of B & E Installers' insistence the jury verdict awarding damages to its partner, Farmer, is inconsistent with the judgment granting indemnity against it and that somehow this inconsistency should compel a reversal.

■ Whatever theoretical inconsistency there may be between the jury verdict and the court award of indemnity, it is of no legal significance or consequence unless the jury vedict precluded litigation of B & E Installers' negligence or the relitigation of Farmer's negligence insofar as it might be imputed to B & E Installers.

Because the parties to this appeal were not adversaries in the personal injury phase of the trial (they were not even parties to that trial), the jury verdict was not a binding determination of the indemnity issues under the doctrine of res judicata either as merger or bar or as collateral estoppel

(*Great Western Furniture Co.* v. *Porter Corp.*, 238 Cal.App.2d 502, 508-510 [48 Cal.Rptr. 76]; *Atherley* v. *MacDonald, Young & Nelson*, 135 Cal.App.2d 383, 385 [287 P.2d 529]).

■ B & E Installers next contends that if the verdict and judgment may be reconciled by considering the partnership and Farmer as separate entities, then Farmer must be an employee, and Labor Code section 3864 bars the cross-complaints for indemnity.

The trial court, on substantial evidence, found Farmer was not an employee of B & E Installers, but a partner (*Assurance Corp.* v. *Industrial Acc. Com.*, 187 Cal. 615 [203 P. 95]). B & E Installers' creation of a fictional employee by rationalization of the jury verdict and court judgment does not make applicable the Workmen's Compensation Act to cut off indemnity rights under Labor Code section 3864.

■ In its closing brief, B & E Installers contends it should not be subject to indemnifying San Diego Glass & Paint and Mabie & Mintz because the court, in trying the indemnity phase, found neither of those parties breached any duty of care to Farmer. B & E thus argues because those claiming indemnity settled out of court and were not responsible by law to the injured person, they were not entitled to indemnity where the claim rests upon implied indemnity. (*Raynolds* v. *Volkswagenwerk Aktiengesellschaft*, 275 Cal.App.2d 997, 1005 [80 Cal.Rptr. 610].)

*Pac. Tel. & Tel. Co.* v. *Pac. Gas & Elec. Co.*, 170 Cal.App.2d 387, 392 [338 P.2d 984] says: "[W]here the indemnitee notifies the indemnitor of a pending claim and 'the indemnitor denies liability under the indemnity contract and refuses to assume the defense of the claim, then the indemnitee is in full charge of the matter and may make a good faith settlement without assuming the risk of being able to prove absolute legal liability or the actual amount of the damage. (Citations.) A contrary rule would make the right to settle meaningless in cases where the indemnitor has denied liability.' (*Chicago R.I. & P.R. Co.* v. *Dobry Flour Mills* (1954), 211 F.2d 785 at 788.)"

This was followed in *Safeway Stores, Inc.* v. *Massachusetts Bonding & Ins. Co.*, 202 Cal.App.2d 99, 117 [20 Cal.Rptr. 820]. Both the *Pac. Tel. & Tel.* and the *Safeway Stores* cases were distinguished in *Raynolds* on the ground they involved "express agreements to indemnify in situations where the indemnitees had settled in good faith," while *Raynolds* involved an implied indemnity arising " 'where each of two persons is made responsible by law to an injured party' " (*Raynolds* v. *Volkswagenwerk Aktiengesellschaft, supra*, 275 Cal.App.2d 997, 1005).

The result in *Raynolds* can be supported on its facts. It did not involve a settlement which was a compromise of the liability question in the injury action but a payment in return for a covenant not to levy execution. The liability issue was tried in the injury action and the indemnitee found not liable.

We do not agree, however, that an implied indemnitee makes a good faith settlement at his peril while an express indemnitee may settle in good faith without assuming the risk of proving absolute liability. The distinction between the express indemnity in *Safeway* to hold the indemnitee harmless against liability for injury to any person and the implied indemnity in *Raynolds* for "responsibility by law to an injured party" is without a difference. Moreover, *Raynolds* overlooks *Great Western Furniture Co.* v. *Porter Corp., supra,* 238 Cal.App.2d 502, 512 where a good faith settlement by an implied indemnitee was held not to prejudice its right to be indemnified.

The trial court, in the indemnity phase of trial, found the settlements by both San Diego Glass & Paint and Mabie & Mintz to be reasonable. Implicit in those findings is the finding they both settled in good faith.

Judgments affirmed.

Ault, J., and Coughlin, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 5, 1972.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.